City of Cincinnati, Appellee, *v.* Spangenberg, Appellant;
Tri-State Savings & Loan Co. et al., Appellees.

[Cite as Cincinnati v. Spangenberg (1973),
35 Ohio App. 2d 168.]

(No. C-72312—Decided February 5, 1973.)

*Messrs. Santen, Santen & Hughes* and *Mr. William B. Singer* of counsel, for appellant Spangenberg.
*Messrs. Loeb, Ney & Vollman,* for appellee A. B. Protective Alarm Co., Inc.

Hess, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, Ohio, entered upon a motion for a final distribution of funds deposited with the clerk of courts by the city of Cincinnati as compensation for an appropriation of real estate by the city.

The relevant facts are not in dispute. The record discloses that on September 28, 1971, the city of Cincinnati filed two actions of appropriation in the court of common pleas which were consolidated for trial. Case No. A-260576 refers to the property at 3115 Jefferson Avenue, Cincinnati, Ohio, which was owned by Albert E. Spangenberg, husband of appellant. Case No. A-260670 refers to property at 3117 and 3119 Jefferson Avenue, which was owned by

Dorothy Jean Spangenberg, appellant herein, and also named A. B. Protective Alarm Company as a defendant. The premises located at the rear of the lot situated at 3117-3119 Jefferson Avenue was subject to a lease in favor of **appellee, A. B. Protective Alarm Company,** hereafter referred to as lessee.

The lease provided, in part: "(9) Eminent Domain: In the event the premises (including, for this purpose, the parking, storage and driveway areas, if any) or any part thereof shall be condemned and taken by right of eminent domain or for public or quasi public use, or, if without taking, consequential damages shall result to said premises or this leasehold, the Lessee may at its option cancel and terminate the lease by giving notice of its intention to do so within the sixty (60) day period following such taking or damage, in which case all unearned rent and all other charges paid in advance shall be refunded to the Lessee, who shall surrender possession of such premises not later than sixty (60) days after such notice. * * * Nothing herein shall, however, be construed to prevent Lessee from asserting its own claim against the appropriating authority for any damages suffered by it being forced to pay, for other premises, an amount of rent exceeding the rent called for by this lease or any renewal thereof."

On October 25, 1971, the lessee sent a letter to appellant giving notice of its desire to terminate the lease. The letter provided in part:

"The City of Cincinnati has appropriated the property covered by A. B. Protective Alarm's lease with you. In accordance with paragraph nine (9) of the lease, I hereby give you notice of A. B.'s termination of the lease as of October 29, 1971, at 9:00 p. m., Friday night. Also, in accordance with paragraph nine (9), A. B. will expect a division of the appropriation of any awards of compensation which you may receive from the City of Cincinnati which will compensate A. B. for loss of any of their leasehold improvements."

Thereafter, the lessee filed its answer to Case No. A-260670 on November 1, 1971, wherein it set forth a claim

for an amount of money sufficient to pay for an increase in rental and operating expenses caused lessee by reason of the city's appropriation of the property at 3117-3119 Jefferson Avenue.

On January 7, 1972, the trial court entered a judgment fixing the total compensation for the property at $69,000 and ordered that the city of Cincinnati deposit that sum with the court to be paid to the owners of the property as their interest may appear in an order for distribution to be made by the court. Subsequently, the court found that the lessee was entitled to participate in the award to the extent of its increased rent and other interests in the sum of $11,-067. It is from this judgment that appellant prosecutes this appeal.

Appellant presents two assignments of error: " (1) The trial court erred in holding that the appellee, as lessee, after terminating its lease, had a right to share in the compensation paid by the city of Cincinnati for the taking by eminent domain of property rights in the leased property; and (2) The judgment and order of the trial court, awarding to appellee a share of the compensation paid by the city of Cincinnati for the taking of the subject property by eminent domain, was contrary to law."

Appellant argues in support of both assignments of error that, following the termination of the lease, lessee no longer had any property rights in the leasehold estate; that lessee gave up any right to share in the proceeds of the settlement of the appropriation action by giving notice of a termination of the lease; and that any claim by lessee for damages occasioned by having to pay a higher rent for equivalent facilities was not properly asserted in the appropriation action where the lessee no longer had an interest in the subject property.

It is well settled in Ohio that in an appropriation proceeding both the owner and one having a leasehold interest in property may assert claims for damages and be compensated for whatever loss directly results from the appropriation. The lessee is entitled to be paid for the taking of his leasehold estate. 19 Ohio Jurisprudence 2d 530, Eminent Domain, Section 114. Also, there is no question

that a lessee is an owner under the appropriation procedure as set forth in R. C. Chapter 163. Therefore, under Chapter 163 lessee would be entitled to a share of the compensation award unless precluded by a provision in the lease.

Appellant relies upon *Carroll Weir Funeral Home* v. *Miller*, 2 Ohio St. 2d 189, 190, wherein the lease provided in part: "* * * In the event the entire building in which said premises are located should at any time during the existence of this lease be condemned by public authority, then said lessors may at their option terminate this lease." Upon the commencement of a proceeding to appropriate the leased premises, the lessors timely exercised their option to terminate the lease. The question on appeal was whether the lessee was entitled to any part of the funds paid over by the state as compensation for the appropriation of the property which the lessee occupied. In holding that the lessee was precluded from sharing in the distribution of compensation for the property appropriated and construing the lease, the Supreme Court of Ohio, at 191, stated:

"A lessee has a property right in the leasehold and, in the absence of an agreement to the contrary, is entitled to compensation if it is appropriated by eminent domain. However, there is nothing to prevent the parties from changing their respective rights by agreement. A lessor and lessee may, by including a properly worded provision in their lease, provide that upon appropriation of the property under eminent domain the lessor may at his option terminate the lease. Under such an agreement, if the property is appropriated, the lessor may terminate the lease. The lessee would then have no property right in the premises. Thus, he would have no right to compensation."

It is the agreement of the parties that controls whether the lessee has a compensable property interest in the appropriated property. Standing alone, the first sentence of paragraph nine, dealing with the lessee's right to terminate the lease, may be construed to prevent the lessee from participating in the compensation award if a notice of termination was given upon the filing of an appropriation action. *Carroll Weir Funeral Home* v. *Miller, supra.*

In the instant case, the lease contains an additional

clause which modifies the first sentence of paragraph nine. That clause states: ''* * * Nothing herein shall, however, be construed to prevent lessee from asserting its own claim against the appropriating authority for any damages suffered by it being forced to pay, for other premises, an amount of rent exceeding the rent called for by this lease or any renewal thereof.''

The record reveals that on October 25, 1971, appellant was given notice that the lessee was going to assert a claim for its share of any compensation awarded as a result of the appropriation action; that appellant knew that the lessee had been named as a codefendant with her in the action; and that appellant had been served with a copy of lessee's answer to the appropriation action. The fact that the lessee notified the appellant of its intention to vacate the premises will not, of itself, act to terminate its interest in the leasehold. The paragraph which provides for termination also provides the manner in which the lessee can acquire an interest in the condemnation award. Paragraph nine does not preclude the lessee from its right to be compensated for the appropriation of its property interest.

For these reasons the trial court correctly interpreted the provision of the lease and assignments one and two are not well taken.

It is, therefore, ordered by the court that the judgment of the Court of Common Pleas of Hamilton County be, and the same hereby is, affirmed.

*Judgment affirmed.*

SHANNON and YOUNG, JJ., concur.