WEIR, DIRECTOR OF TRANSPORTATION, APPELLEE, *v.*
WISEMAN ET AL., APPELLANTS.

[Cite as Weir *v.* Wiseman (1982), 2 Ohio St. 3d 92.]

(No. 82-127—Decided December 29, 1982.)

*Mr. William J. Brown,* attorney general, *Mr. Donald J. Guittar* and *Mr. Jack M. McCann,* for appellee.

*Messrs. Bricker & Eckler, Mr. William R. Chadeayne, Mr. Michael K. Gire* and *Mr. Harold D. Spears,* for appellants.

CLIFFORD F. BROWN, J. This cause provides the opportunity to apply R.C. Chapter 163, appropriation of property. This chapter was enacted effec-

---

[1] The detailed answer of appellants quoted verbatim in the opinion fulfills the requirements of R.C. 163.08 and, with reference to the right and necessity for the appropriation, meets the standards of such statute which in relevant part reads:

"* * * The agency's right to make the appropriation, * * * and the necessity for the appropriation shall be resolved by the court in favor of the agency unless such matters are specifically denied in the answer and the facts relied upon in support of such denial are set forth therein * * *."

[2] The judgment entry recites that, "[t]his cause came to be heard upon the Motion of the Defendants, Wilbur Wiseman and Olive Staley Wiseman, * * *" and that "[t]he Motion of the Defendants is therefore sustained * * *." However, neither a motion nor a hearing appears in the record.

tive January 1, 1966, to establish uniform eminent domain procedure for all appropriations sought by public and private agencies. The procedure outlined in the chapter applies only when the agency and the property owner are unable to agree, as in this case, or the owner is unknown, out of state, or otherwise unavailable. R.C. 163.04. Following filing of the petition for appropriation, and notice to the affected landowners, R.C. 163.08 establishes the right of the property owner to contest the appropriation:

"*Any owner may file an answer to such petition.* Such answer shall be verified as in a civil action and shall contain a general denial or specific denial of each material allegation not admitted. The agency's right to make the appropriation, the inability of the parties to agree, and the necessity for the appropriation shall be resolved by the court in favor of the agency *unless such matters are specifically denied in the answer and the facts relied upon in support of such denial are set forth therein,*[3] *provided, when taken* in time of war or other public exigency, imperatively requiring its immediate seizure or *for the purpose of making or repairing roads, which shall be open to the public, without charge, an answer may not deny the right to make the appropriation, the inability of the parties to agree, or the necessity for the appropriation.* An answer shall be served in accordance with Civil Rule 12. \* \* \*" (Emphasis added.)

R.C. 163.09 establishes the right to a hearing on the issues raised in an answer:

"(B) *When an answer is filed* pursuant to section 163.08 of the Revised Code, *and any of the matters relating to the right to make the appropriation, the inability of the parties to agree, or the necessity for the appropriation are specifically denied* in the manner provided in such section, *the court shall set a day,* not less than five nor more than fifteen days from the date the answer was filed *to hear such questions.* Upon such questions, the burden of proof is upon the owner. \* \* \*" (Emphasis added.)

---

[3] With regard to the answer of the owners which complied with R.C. 163.08 by stating "the facts relied upon in support of" the denial of the right and necessity of the appropriation, the court of appeals recognized the sufficiency of the answer to raise such issues in its opinion as follows:

"\* \* \* Appellees filed their answer specifically denying Appellant's right and necessity to make the appropriation, and *further alleged* that said *appropriation was an abuse of discretion of the power of eminent domain.*" (Emphasis added.)

Judge Grey, P.J., concurring, further correctly elaborated on the content of the owners' answer as follows:

"\* \* \* From my reading of the appellees' answer they are not contesting the necessity of the appropriation for a public road. Rather, they are contesting whether the appropriation is in fact for the purpose of opening a road. Appellees argue the State is taking the land not to build a road, but on the chance that if money is appropriated a road might be built. The substance of Appellees' claim is that the State is speculating in real estate—appropriating land now when it is cheap so it can, perhaps in the future, build a road without having to pay the land owner the appreciated value of the land. This claim, if proven, would be exactly what the courts mean when they speak of an abuse of discretion."

The above-quoted sections of R.C. 163.08 and 163.09 mandate a hearing on the right to make the appropriation and the necessity of the appropriation when (1) an answer is filed in the action specifically denying either the right to make the appropriation, or the necessity for the appropriation in the manner provided in R.C. 163.08, (2) facts are presented to support such denial and (3) the appropriation is not sought in time of war or other public exigency imperatively requiring immediate seizure, and is not for the purpose of building or repairing a toll-free public road.

In the instant case, the Wisemans' answer specifically denied the right and the necessity to appropriate their land in the manner set forth in R.C. 163.08 and alleged sufficient facts in support thereof. Therefore, the first two prerequisites for a hearing on those issues were met. A further question in this case is whether the third prerequisite to a hearing was satisfied.

A review of the history of this case reveals that the trial court may or may not have concluded that the third prerequisite was also met. Having before it the complaint, answer, interrogatories and the responses thereto, the trial court, apparently addressing "the issue of the right of the plaintiff" to appropriate defendants' real estate, found that "it is not necessary to appropriate the real estate * * *" based on the speculative nature of the financing of the Chesapeake Bypass. Without expressly addressing whether the appropriation was "for the purpose of making or repairing roads," the trial court resolved the factual issues of right and necessity adversely to plaintiff and dismissed the action without a hearing. R.C. 163.08 and 163.09, however, require a hearing on the issues of right or necessity for the appropriation in situations when the answer properly raises the issue whether the requested appropriation is for the purpose of making or repairing toll-free public roads.

Given the meager record before this court and the courts below concerning the prospects for eventual construction of the Chesapeake Bypass, and the apparent confusion at the trial court level concerning the appropriate procedure for dealing with the complaint,[4] the prerequisites for the right to a hearing have been fully satisfied in this case.

We therefore affirm the determination of the court of appeals that the trial court erred by dismissing the complaint and by failing to hold a hearing as mandated by R.C. 163.09(B) on the issues of the right or necessity to make the appropriation.[5] We reverse the court of appeals' determination that the

---

[4] For example, the question whether an evidentiary hearing was held at the trial court level is disputed by counsel for appellee in his brief and oral argument before this court. There is also no record of any motion for summary judgment being filed by defendants at the trial court level. Finally, the judgment entry does not clearly evidence the grounds for its ruling.

[5] In referring to the three preliminary issues set forth in R.C. 163.09(B), the court of appeals in its opinion stated:

"Once any of the three issues enumerated in this section is specifically denied, a mandatory

language of R.C. 163.08 prohibits the denial of plaintiff agency's right or necessity to appropriate the subject property;[6] and we further reverse the judgment of the court of appeals remanding this case to the trial court for assessment of compensation due the defendants-appellants.

The complaint is reinstated and this cause is remanded to the court of common pleas for determination of the questions of the right or necessity to make the appropriation and whether the appropriation involves "public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads * * *," as that language is used in R.C. 163.08.

*Judgment reversed in part,
affirmed in part, and cause
remanded.*

CELEBREZZE, C. J., PARRINO and KRUPANSKY, JJ., concur.

W. BROWN, LOCHER and HOLMES, JJ., dissent.

PARRINO, J., of the Eighth Appellate District, sitting for SWEENEY, J.

HOLMES, J., dissenting. Contrary to the language of the majority, R.C. 163.08 does not authorize a property owner to deny the right or necessity of the Director of Transportation to appropriate property for the purpose of making or repairing roads open to the public without charge.

In this case, the Wisemans, owners of the property in question, have not challenged the right of the director to appropriate the property or the necessity of the appropriation. Instead, the Wisemans, in effect, allege in their answer to the complaint for appropriation that the director is abusing his discretion in bringing such action in that the subject property will not in fact be used for the purpose of making or repairing a public road. This is a question of fact of a very limited scope. If the landowners can show that such land sought to be appropriated is not for the purpose of making or repairing a road for public use without charge, then the director should be found to have abused his discretion.

Upon the landowners' motion for summary judgment, the trial court reviewed the director's answers to the interrogatories, property maps and

---

duty rests upon the trial court to hold a hearing on these issues. The record reveals that no hearing was held on these issues. We believe R.C. 163.09(B) and due process requires a hearing and that the trial court's failure to hold a hearing constitutes prejudicial error."

[6] On preclusion of defendants' right to deny the right or necessity to appropriate the property, the court of appeals in its opinion stated:

"It is clear from the record that Appellant intended to appropriate Appellees' land for the purpose of constructing a road open to the public without charge. This being the case, the language of R.C. 163.08 clearly prohibits the denial of Appellant's right or necessity to appropriate the subject property."

the schematic plan for the road project, the only evidence before it, and determined that because funds were not immediately available for the project, "it is not necessary to appropriate the real estate described in the complaint." This determination is contrary to law because questions of necessity of a highway for any reason, including its location, timeliness, available funding, or other issues, are not appropriate pursuant to R.C. 163.08 or 163.09. The trial court has erroneously equated the word "necessary" to the availability of funds for the project.

The landowners would have had the burden of showing that the proposed appropriation was for other than highway purposes. The landowners did not make such a showing. In fact, the only evidence before the trial court was that which specifically concerned itself with a highway project. Therefore, summary judgment should have been granted to the Director of Transportation.

I am cognizant of the general rule of appellate practice that an appellate court, in reviewing the granting of a motion for summary judgment, is limited to reviewing the propriety of the trial court's granting the motion for summary judgment. However, in this case the only issue lawfully before the trial court was the purpose of the appropriation. The court's only reasonably possible resolution was that the appropriation was for highway purposes.

Therefore, in this instance, I believe that it was proper for the majority of the court of appeals to hold that the trial court erred as a matter of law and, accordingly, to enter the final order that the trial court should have entered; and, by so doing, to remand the matter to the trial court for a determination of just compensation.

Locher, J., concurs in the foregoing dissenting opinion.

W. Brown, J., dissents.