THE STATE EX REL. HORWITZ, D.B.A. SECOND STREET PIER BAR & DELI, *v.* COURT OF COMMON PLEAS OF CUYAHOGA COUNTY, PROBATE DIVISION, ET AL.

[Cite as *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323.]

(No. 92–1582—Submitted November 10, 1992—Decided December 14, 1992.)

*Patrick J. Holland,* for relator.

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *Patrick J. Murphy,* Assistant Prosecuting Attorney, for respondents Judge Corrigan and the court of common pleas, probate division.

*Danny R. Williams,* Director of Law, and *Kenneth G. Silliman,* Assistant Director of Law; *Mansour, Gavin, Gerlack & Manos Co., L.P.A., Michael T. Gavin* and *Eli Manos,* for respondent Cleveland.

*Petersen, Ibold & Wantz* and *Jerry Petersen,* for respondent Conro Co.

*Per Curiam.* On August 25, 1992, we issued, *sua sponte,* an alternative writ ordering respondents to show cause by September 14, 1992 why the writ of mandamus should not issue and staying the August 27 hearing. In its answer, Conro urged us to issue the writ. Judge Corrigan and the probate court moved for dismissal of the complaint pursuant to Civ.R. 12(B)(6) (failure to state a claim for relief) or, in the alternative, for summary judgment pursuant to Civ.R. 56. Cleveland also moved to dismiss the complaint. For the reasons that follow, we overrule these motions and grant the writ of mandamus.

## Motions to Dismiss

Civ.R. 12(B)(6) motions attack the sufficiency of the complaint and may not be used to summarily review the merits of a cause of action in mandamus. *Assn. for the Defense of the Washington Local School Dist. v. Kiger* (1989), 42 Ohio St.3d 116, 117, 537 N.E.2d 1292, 1293. Thus, when such a motion is sustained, the appropriate response is amendment of the complaint, if possible, to cure the defective pleading. McCormac, Ohio Civil Rules Practice (2 Ed.1992) 150, Section 6.20. The instant motions to dismiss, however, urge us to deny a writ of mandamus because the undisputed facts underlying this case do not show the prerequisites for the writ to issue, *i.e.*, that Horwitz has a clear right to a hearing on the right to and necessity of this appropriation, that Judge Corrigan has a clear duty to provide such a hearing, and that Horwitz has no adequate remedy in the ordinary course of law. See *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus. Because these motions raise substantive arguments against issuing the writ, the motions are ill-conceived, and must be overruled. *Kiger, supra.*

## Motion for Summary Judgment

Respondents' arguments for denying relief are properly raised on motion for summary judgment, as such motions require us, where no material factual issues exist, to determine whether the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). To establish this, Judge Corrigan and the probate court contend that the dismissal of the denials in Horwitz's answer prevent her from establishing a right and duty to act. In essence, they argue that Horwitz would have been entitled to a hearing under R.C. 163.09, but that Judge Corrigan's ruling extinguished this right.

R.C. 163.09 provides, in part:

"(A) If no answer is filed pursuant to section 163.08 of the Revised Code, nor approval ordered by the court to a settlement of the rights of all necessary parties, the court, on motion of a public agency, shall declare the value of the property taken and the damages, if any, to be as set forth in any document properly filed with the clerk of courts by the public agency. In all other cases, the court shall fix a time, within twenty days from the last date such answer could have been filed, for the assessment of compensation by a jury.

"(B) When an answer is filed pursuant to section 163.08 of the Revised Code and any of the matters relating to the right to make the appropriation, the inability of the parties to agree, or the necessity of the appropriation are specifically denied in the manner provided in such section, the court shall set a

day, not less than five or more than fifteen days from the date the answer was filed, to hear such questions. Upon such questions, the burden of proof is upon the owner. * * * If, as to any or all the property or other interests sought to be appropriated, the court determines the questions in favor of the [appropriating] agency, the court shall set a time for the assessment of compensation by the jury within twenty days from the date of the journalization of such determination. An order of the court in favor of the agency on any of such questions * * * shall not be a final order for purposes of appeal. An order of the court against the agency on any of such questions * * * shall be a final order for purposes of appeal. If a public agency has taken possession prior to such order and such order, after any appeal, is against the agency on any of such questions, the agency shall restore the property to the owner in its original condition or respond in damages, which may include the items set forth in division (A)(2) of section 163.21 of the Revised Code, recoverable by civil action, to which the state consents.

"(C) When an answer is filed pursuant to Section 163.08 of the Revised Code, and none of the matters set forth in division (B) of this section is specifically denied, the court shall fix a time within twenty days from the date the answer was filed for the assessment of compensation by a jury."

Basically, R.C. 163.09 provides that upon filing a timely answer that specifically denies the right and necessity of an appropriation, property owners must be heard on these issues. Here, Judge Corrigan and the probate court concede that Horwitz's answer satisfies the specificity requirements of R.C. 163.08.[2] By virtue of her leasehold interest, Horwitz is a "property owner" as defined by R.C. 163.01(C).[3] *Cincinnati v. Spangenburg* (1973), 35 Ohio App.2d 168, 170–171, 64 O.O.2d 272, 273, 300 N.E.2d 457, 459. Horwitz, therefore, is entitled to a hearing under R.C. 163.09. *Weir v. Wiseman* (1982), 2 Ohio St.3d 92, 2 OBR 644, 443 N.E.2d 152, paragraph one of the syllabus.

The only justification offered for the trial court's ruling that Horwitz lacked standing is that her leasehold interest in the pertinent property is less significant than that of her lessor, which is not challenging the appropriation.

---

2. R.C. 163.08 states, in part:

"Any owner may file an answer to * * * [a petition for appropriation]. Such answer * * * shall contain a general denial or specific denial of each material allegation not admitted. The [appropriating] agency's right to make the appropriation, the inability of the parties to agree, and the necessity for the appropriation shall be resolved by the court in favor of the agency unless such matters are specifically denied in the answer and the facts relied upon in support of such denial are set forth therein * * *."

3. R.C. 163.01(C) states:

" 'Owner' includes any individual, partnership, association, or corporation having any estate, title, or interest in any real property sought to be appropriated."

Under the preceding authority, however, the General Assembly has already determined that Horwitz has standing in this appropriation proceeding independent of Conro's interests and notwithstanding Conro's apparent acquiescence in the matter. Accordingly, we hold that Horwitz is entitled to the hearing she seeks and that Judge Corrigan and the probate court have a duty to provide it.

Cleveland's argument, albeit improperly raised by motion to dismiss, does not change our conclusion. The city suggests that Judge Corrigan had discretion to dismiss the pertinent denials in Horwitz's answer. The discretion afforded by Civ.R. 12(F) to "strik[e] from any pleading any insufficient * * * defense," however, does not allow a court to exercise discretion where none exists by statute. See *Mun. Court of Toledo v. State ex rel. Platter* (1933), 126 Ohio St. 103, 184 N.E. 1 (writ of mandamus issued to vacate municipal court judgment because court had no authority, much less discretion, to suspend execution of sentence where statutes allowed this only for the purpose of appeal or probation).

Before a writ of mandamus may issue, however, we must also find that Horwitz has no adequate legal remedy. Judge Corrigan and the probate court argue that Horwitz is attempting to substitute mandamus for appeal. They do not cite any statute in support, but we assume they are referring to R.C. 163.19, which states:

"Subject to sections 163.07 [notice to property owners] and 163.09 of the Revised Code, any party may prosecute appeals as in other civil actions from the judgment of the court. The trial court upon proper terms may suspend the execution of any order; but in all cases where the agency pays or deposits the amount of the award assessed and gives adequate security for any further compensation and costs, as required by the court, the right to take and use the property appropriated shall not be affected by such review by the appellate courts."

Appeal pursuant to R.C. 163.19 is not immediate, but in *Cincinnati Gas & Elec. Co. v. Pope* (1978), 54 Ohio St.2d 12, 8 O.O.3d 7, 374 N.E.2d 406, we held that the General Assembly intended to provide appellate review only after the preliminary issues described in R.C. 163.09 are decided by the trial court, a jury assesses compensation pursuant to R.C. 163.14, and a journal entry reflecting both determinations is entered pursuant to R.C. 163.15. We explained:

"The legislative motivation for so designing condemnation proceedings is apparent, because only after a judgment is entered under R.C. 163.15 are all the rights of the parties adjudicated. The resulting consolidation of issues on

appeal thus precludes piecemeal litigation, thereby fostering the conservation of judicial energy while at the same time eliminating unnecessary delays.

"In our opinion R.C. 163.09(B) indicates a legislative decision that the property owner be denied an immediate appeal on the preliminary issues relative to appropriation. * * * *" *Pope, supra,* at 17, 8 O.O.3d at 10, 374 N.E.2d at 409.

We have said that mandamus may not be employed as substitute for appeal from an interlocutory order. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph three of the syllabus; *State ex rel. Sobczak v. Skow* (1990), 49 Ohio St.3d 13, 550 N.E.2d 455. However, we have also said that an appeal is inadequate if not "complete in its nature, beneficial and speedy." *State ex rel. Liberty Mills, Inc. v. Locker* (1986), 22 Ohio St.3d 102, 104, 22 OBR 136, 137, 488 N.E.2d 883, 885–886. Horwitz argues that appeal under R.C. 163.19 is inadequate because it does not stay the condemnation process.

Horwitz's position has merit. The appeal provided in R.C. 163.19 assumes compliance with R.C. 163.09 and, thus, provides only financial protection to a property owner who is arbitrarily denied a hearing under the statute. More specifically, R.C. 163.19 implicitly permits the appropriating agency, notwithstanding any appeal, to destroy property once the appropriation is either not challenged or is challenged unsuccessfully pursuant to R.C. 163.09, a jury assesses compensation, and the agency pays the assessment with adequate security. Cf. *Weir, supra* (remand for R.C. 163.09 hearing possible after appeal because appropriation action had been dismissed by trial court). The property is preserved only when a finding against the appropriating agency is made in the initial hearing on right and necessity. R.C. 163.09(B).

Accordingly, we also hold that appeal pursuant to R.C. 163.19 is an inadequate remedy and that the prerequisites for issuing a writ of mandamus are present in this case. Judge Corrigan and the probate court, therefore, are not entitled to judgment as a matter of law, and their motion for summary judgment is overruled. Moreover, because an expedited disposition seems required in this case and we have resolved all respondents' substantive arguments in Horwitz's favor, we see no reason for further review and, therefore, grant the writ of mandamus.

*Motions overruled
and writ granted.*

SWEENEY, HOLMES, DOUGLAS and RESNICK, JJ., concur.

MOYER, C.J., WRIGHT and H. BROWN, JJ., dissent.

MOYER, C.J., dissenting. I respectfully dissent because the majority has granted relator's request for a writ of mandamus in contravention of R.C. 2731.03 and 2731.05.

R.C. 2731.03 states:

"The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."

The action taken by Judge Corrigan in the underlying case was within his discretion. Pursuant to Civ.R. 12(F), "[u]pon motion * * * or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter." This discretion over pleadings is equally applicable in appropriation actions. *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.* (1985), 18 Ohio St.3d 268, 18 OBR 322, 480 N.E.2d 794; Civ.R. 1(C).

While I pass no judgment on the propriety of respondent's decision to strike relator's claims from the pleadings, it is clear even a gross abuse of judicial discretion may not be corrected by way of mandamus. "It is well-established that when a court has discretion to act, its only duty is to exercise that discretion. *State ex rel. Butler v. Demis* (1981), 66 Ohio St.2d 123, 20 O.O.3d 121, 420 N.E.2d 116. Although a writ of mandamus may require an inferior tribunal to exercise its judgment or to proceed to the discharge of its function, R.C. 2731.03, it may not control judicial discretion, even if such discretion is grossly abused." *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 119, 515 N.E.2d 914, 916. If respondent's striking of relator's claim as insufficient constituted an abuse of discretion, that action may be corrected on appeal, but it is not within this court's power to correct it by way of mandamus.

Relator's request for a writ of mandamus should also be denied because there exists an adequate remedy at law. R.C. 2731.05 states that: "The writ of mandamus must not be issued when there is plain and adequate remedy in the ordinary course of the law." R.C. 163.19 provides the opportunity for a party to appeal an adverse ruling in an appropriation case:

"Subject to sections 163.07 and 163.09 of the Revised Code, any party may prosecute appeals as in other civil actions from the judgment of the court. The trial court upon proper terms may suspend the execution of any order; but in all cases where the agency pays or deposits the amount of the award assessed and gives adequate security for any further compensation and costs, as required by the court, the right to take and use the property appropriated shall not be affected by such review by the appellate courts."

Relator correctly states that where an appeal is inadequate, the right to appeal will not preclude mandamus. See *State ex rel. Liberty Mills, Inc. v. Locker* (1986), 22 Ohio St.3d 102, 22 OBR 136, 488 N.E.2d 883; *State ex rel. Cody v. Toner* (1983), 8 Ohio St.3d 22, 8 OBR 255, 456 N.E.2d 813. Relator suggests the circumstances in this case make appeal inadequate because if respondent's order is not corrected by way of mandamus, she will irredeemably lose the right to contest the appropriation and save the property that she leases from condemnation.

While relator's argument may appear compelling at first blush, a more thorough analysis reveals her situation is not unique and warrants no extraordinary relief.

By their nature appropriation actions often result in the unwelcome condemnation of property. It is no surprise that a property owner may consider the appropriation of his or her property unfair, especially in view of the fact that the property may be taken by the appropriating agency prior to the completion of the appeal process. Through the enactment of the appropriation statutes, the General Assembly has revealed its intent that a property owner shall have no right to immediate review of a trial court's decision that appropriation is proper. *Cincinnati Gas & Elec. Co. v. Pope* (1978), 54 Ohio St.2d 12, 8 O.O.3d 7, 374 N.E.2d 406. The result is that in all cases where a trial court finds appropriation proper, the appropriating agency may take the property prior to appeal, subject to providing security for compensation. R.C. 163.19. By specifically delineating when appeals may be taken in appropriation actions, the General Assembly has determined that such appeals provide adequate relief.

The appropriate course of action was followed in a similar situation when a property owner was denied an R.C. 163.09(B) hearing, with this court reinstating the property owner's complaint and ordering such a hearing. *Weir v. Wiseman* (1982), 2 Ohio St.3d 92, 2 OBR 644, 443 N.E.2d 152. The law does not support affording relator an alternative to appeal because she faces an adverse ruling on the pleadings.

Simply put, relator asks this court to circumvent the appeal process in appropriation actions and ignore the intent and policy considerations of the General Assembly in enacting R.C. 163.19 *et seq.* Such a request should be denied.

WRIGHT and H. BROWN, JJ., concur in the foregoing dissenting opinion.