Defendants-appellants Donald and Sharon Farra appeal from a judgment conveying the title to certain property appropriated by plaintiff-appellee Sugarcreek Township Board of Trustees, for purposes of widening a road, and awarding compensation to the Farras therefor. The Farras contend that the trial court erred by denying them an opportunity to be heard on the issues of the necessity for the appropriation and the inability of the parties to agree. The Farras also contend that the decision of the jury as to the amount of compensation to award for the property taken, and also for the diminution in the fair market value of the residue, is against the manifest weight of the evidence.
We conclude that, pursuant to R.C. § 163.08, the Farras were not entitled to defend against the appropriation upon the grounds that the appropriation was not necessary, or that the inability of the parties to agree could not be shown. We further conclude that the jury's determination of the amounts to award the Farras as compensation for the property taken and for the damage to the residue is not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is Affirmed.
 I
The Farras own improved land located at 2718 Washington Mill Road, consisting of a little more than five acres. The improvements include a three-bedroom house, a two-car garage, and a forty-foot by sixty-foot barn.
In 1995, Sugarcreek Township filed this appropriation action to take a strip of land approximately twenty feet wide fronting on Washington Mill Road. In its complaint, Sugarcreek Township included the following allegation:
 That the purpose of the appropriation is for the making or repairing of roads, which shall be open to the public, without charge. The road in question is described as Washington Mill Road and includes general improvement and widening of the road.
In their answer, the Farras denied Sugarcreek Township's right to make the appropriation. They also denied the necessity of the appropriation. The Farras also asserted that Sugarcreek Township had failed to negotiate with them in good faith.
At trial, the testimony concerned itself solely with the proper valuation of the land taken, and of the damage to the residue. As to the land actually taken, Mr. Farra offered his opinion that the land was worth $6,000. An expert, Allan Johnston, testified on behalf of the Farras that the land actually taken was worth $1,900. An expert, Frank Klugh, testified on behalf of Sugarcreek Township that the land was worth $1,250. The jury awarded $1,500.00 as the value of the land taken.
As to the damage to the residue, Mr. Farra testified that the diminution in its fair market value was $95,000. Johnston, the Farras' expert, testified that the diminution in value was $53,100. Klugh, Sugarcreek Township's expert, testified that the total compensation due, including the land actually taken, was $5,900. The jury awarded $13,500 as compensation for the damage to the residue.
From the judgment of the trial court, the Farras appeal.
 II
The Farras' First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING REGARDING THE TOWNSHIP'S RIGHT TO APPROPRIATE THE FARRA PROPERTY AND THE NECESSITY FOR SUCH APPROPRIATION.
In response to this assignment of error, Sugarcreek Township cites R.C. § 163.08, which provides, in pertinent part as follows:
 The agency's right to make the appropriation, the inability of the parties to agree, and the necessity for the appropriation shall be resolved by the court in favor of the agency unless such matters are specifically denied in the answer and the facts relied upon in support of such denial are set forth therein, provided, when taken in time of war or other public exigency, imperatively requiring its immediate seizure, or for the purpose of making or repairing roads, which shall be open to the public, without charge, an answer may not deny the right to make the appropriation, the inability of the parties to agree, or the necessity for the appropriation.
(Emphasis added.)
The Farras rely upon Weir v. Wiseman (1982), 2 Ohio St.3d 92, for the proposition that they were nevertheless entitled to a hearing on the issues of the necessity for the appropriation and the inability of the parties to reach agreement. In that case, the land owners filed an answer that included the following allegation:
 These defendants specifically deny that the Plaintiff has the right to make the appropriation sought herein, and further specifically denies [sic] that it is necessary to appropriate the real estate described in the Complaint, stating further that the appropriation of said property by the state would constitute an abuse of discretion of the power of eminent domain; further, that no funds are available to complete the improvements described in the pleadings; further, that the project described herein has been planned since 1970 and that although certain real estate related thereto has been acquired, said real estate has been improved by the state and rented to parties who occupied the same; that there is no reasonable likelihood that if Defendants [sic] property is acquired by eminent domain that said real estate will be used for necessary public purposes in the reasonably foreseeable future, by reason of which there is no public necessity for the taking herein.
Id., at 92-93.
In the case before us, by contrast, the land owner's answer includes only the following conclusory allegations:
 4. Farras specifically deny the agency's right to make the appropriation of that property for the following reasons:
 (a) The appropriation of Defendants' property for a road improvement is not necessary for the purpose of public convenience and welfare.
 (b) Plaintiffs have failed to show at any public hearing the existence of such necessity and expeditious necessity to appropriate Farras' property.
 (c) Plaintiffs have not negotiated in good faith With the Farras in establishing the value of the property being appropriated. Consequently, there has been an inability of the parties to agree on a fair market value of the property being appropriated.
 (d) Plaintiffs have failed to negotiate as to the value of the property being taken, and as to the value of the residue of the property as to the appropriation.
 (e) Farras deny that the appropriation is necessary for the road improvements and deny that a public exigency exists because of failure of negotiations by the Plaintiffs.
In Weir, supra, the court held that a hearing on the right to make the appropriation and the necessity of the appropriation is required when: (1) an answer is filed in the action specifically denying either the right to make the appropriation, or the necessity for the appropriation, in the manner provided in R.C.163.08; (2) facts are presented to support such denial; and (3) the appropriation is not sought in time of war or other public exigency imperatively requiring immediate seizure, and is not for the purpose of building or repairing a toll-free public road.Id., at 95. The court concluded that the first- and second-numbered requirements for the hearing were obviously satisfied in that case. The court also held that the third-numbered requirement was satisfied, because the allegations in the landowners' answer put into issue whether the appropriation was for the purpose of building or repairing a toll-free public road. Id., at 95.
Given the allegations in the landowners' answer, in Weir,supra, that there were no funds available to complete the contemplated project, that the real estate already acquired in connection with the project had been improved by the State and rented to other parties who occupied it, and that there was no reasonable likelihood that if the defendant landowners' property were acquired by eminent domain, the property would be used for highway purposes, the defendant landowners in that case successfully put into issue whether the appropriation was, in fact, for the purpose of making or repairing toll-free roads. In the case before us, however, we find no operative facts alleged in the pleadings, or otherwise, that would controvert Sugarcreek Township's allegation that the appropriation is for the purpose of making or repairing toll-free roads. Accordingly, by the express language of R.C. § 163.08, the Farras were not entitled to defend the action upon the ground that Sugarcreek Township did not have the right to make the appropriation, that the inability of the parties to agree had not been shown, or that there was no necessity for the appropriation.
The Farras' First Assignment of Error is overruled.
 III
The Farras' Second Assignment of Error is as follows:
 THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Essentially, the Farras argue that because the jury's determination of value of the property taken, and of the diminution in the fair market value of the residue caused by the taking, did not coincide with any of the three opinions of value offered in testimony, the jury's determination is against the manifest weight of the evidence. If the jury's determination of value had lain outside the range of values offered by any witness, we might be inclined to agree. However, the jury is not required to reach a conclusion as to fair market value that is identical with the opinion of one of the witnesses testifying in the case. Determinations of fair market value are notoriously difficult, as evidenced by the substantial discrepancies in the valuations offered in evidence in this case.
We conclude that the jury's verdict is not against the manifest weight of the evidence. The Farras' Second Assignment of Error is overruled.
 IV
The Farras' Third Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANTS' MOTION FOR NEW TRIAL.
In support of this assignment of error, the Farras argue that the trial court should have granted their motion for a new trial for the reasons set forth in their First and Second Assignments of Error. They make no independent arguments in support of their motion for a new trial made in the trial court. Accordingly, for the reasons set forth in Parts II and III, above, the Farras' Third Assignment of Error is overruled.
 V
All of the Farras' assignments of error having been overruled, the judgment of the trial court is Affirmed.
YOUNG, P.J., and GRADY, J., concur.
Copies mailed to:
Rupert E. Ruppert
Richard Hempfling
Hon. Thomas Rose