**AKRON HYDROELECTRIC COMPANY, Appellant,**

v.

**CITY OF CUYAHOGA FALLS et al., Appellees.**

[Cite as *Akron Hydroelectric Co. v. Cuyahoga Falls* (1998), 128 Ohio App.3d 754.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18849.

Decided Aug. 26, 1998.

Richard K. Wilcox, for appellant.

Virgil Arrington, Jr., Deputy Law Director, for appellee city of Cuyahoga Falls.

J. Bruce Hunsicker and Robert M. Stefancin, for appellee Powerhouse at the Water's Edge, LTD.

BAIRD, Judge.

Plaintiff-appellant Akron Hydroelectric Company ("AHC") appeals from the decision rendered in the Summit County Court of Common Pleas granting summary judgment to defendants-appellees city of Cuyahoga Falls, Powerhouse at the Water's Edge, Ltd. ("Powerhouse"), and Summit Bank. We affirm.

AHC seeks to refurbish a dormant hydroelectric plant located on Parcel 105 in the city of Cuyahoga Falls. Powerhouse owns the parcel. AHC filed a complaint for appropriation of property, claiming that, as a private agency as defined by R.C. 163.01, it had been granted the right of eminent domain by R.C. 1723.01 et seq. and 4933.15. Defendants answered, denying that AHC had

authority to appropriate Parcel 105[1] and later moved for summary judgment. AHC responded.

On November 13, 1997, the trial court granted summary judgment to the defendants, finding that AHC failed to qualify for eminent domain powers under state law and further rejected AHC's contention, raised for the first time in a response to a motion for summary judgment, that federal law preempted state law and empowered AHC to take the property. AHC appealed, assigning the following error:

"The trial court erred, contrary to law, in granting appellees' motion for summary judgment."

In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. This appeal turns upon the resolution of purely legal questions concerning the application of R.C. 1723 *et seq.*, R.C. 4933.15, and the doctrine of federal preemption to this case.

### R.C. 1723.01 *et seq.*

R.C. 1723.01 empowers a company organized for the purpose of "generating and transmitting electricity" to "appropriate so much of [private land], or any right or interest therein, as is deemed necessary for the laying down or building of such tubing, conduits, pipes, dams, poles, wires, reservoir, plant, powerhouse, storage yards, wharves, bridges, workshops, receiving and delivery structures or facilities, pumping stations, and any other buildings, structures, appliances, or facilities necessary to the purposes of such companies, as well as the land overflowed, and for the erection of tanks and reservoirs for the storage of water for transportation and the erection of stations along such lines."

The acquisition of this power to appropriate is regulated by R.C. 1723.02:

"[T]he legislative authority of municipal corporation as to streets and alleys in [its] jurisdictio[n], may grant to such companies * * * the right to lay such

---

**1.** AHC argues that the trial court erred by failing to conduct a hearing in an appropriation case where a nonappropriating party has answered, denying the appropriating party's right to appropriate. See *Weir v. Wiseman* (1982), 2 Ohio St.3d 92, 2 OBR 644, 443 N.E.2d 152, paragraph one of the syllabus. A review of the record shows that AHC never raised this issue before the trial court. Hence, AHC has waived any error with respect to the failure to conduct a hearing. See *Sekora v. Gen. Motors Corp.* (1989), 61 Ohio App.3d 105, 112, 572 N.E.2d 184, 188–189.

tubing, pipes, conduits, poles, and wires therein. But the right to appropriate for any of the purposes specified in [R.C. 1723.01] does not extend to the erection of any tank, station, reservoir, or building, or lands, therefor, or to more than one continuous pipe, conduit, or tubing, or lands therefor, in or through a municipal corporation, unless the legislative authority first consents thereto."

■ R.C. 1732.02 clearly requires consent by the municipality for the acquisition of any right to appropriate the lands on which structures are to be erected or through which pipes and conduits, etc., are to be laid. Since the city of Cuyahoga Falls has not consented to AHC's right to appropriate Parcel 105, AHC has acquired no right to appropriate by virtue of R.C. 1723.01.

### R.C. 4933.15

R.C. 4933.15 provides that a "company organized for manufacturing, generating, selling, supplying, or transmitting electricity" "may appropriate so much of such land, or any right or interest therein, including any trees, edifices, or buildings thereon, as is deemed necessary for the erection, operation, or maintenance of an electric plant, including its generating stations, substations, switching stations, transmission and distribution lines, poles, towers, piers, conduits, cables, wires, or other necessary structures and appliances, or for rights of way over such land and adjacent lands for the purpose of access to any part of such land."

R.C. 4933.16 provides that no company shall "place, string, construct, or maintain a line, wire, fixture, or appliance of any kind to conduct electricity for lighting, heating, or power purposes through * * * land of a municipal corporation without the consent of such municipal corporation."

■ AHC claims that it will not engage in the activities described in R.C. 4933.16 because it does not intend to transmit electricity directly to retail users. R.C. 4933.16 does not limit in this fashion the range of activities requiring municipal consent and clearly applies to the construction of any power plant. Thus whatever appropriation rights AHC claims to have acquired by virtue of R.C. 4933.15 were conditioned upon receiving consent from the city of Cuyahoga Falls. This consent has thus far been withheld by the city of Cuyahoga Falls.

### Preemption by the Federal Power Act

■ In its response brief to the city of Cuyahoga Falls' motion for summary judgment, AHC raised for the first time its contention that the Federal Power Act, Section 791 *et seq.*, Title 16, U.S. Code, preempts state eminent domain law in this context. Not having been raised in its twice-amended complaint, AHC's contention is not a claim that can be addressed on summary judgment or appeal, since a claim cannot be raised in a brief. *Williams v. Time Warner Cable* (June

24, 1998), Summit App. No. 18663, unreported at 4, fn. 3, 1998 WL 332937. With respect to AHC's claims under R.C. 1723.01 *et seq.* and R.C. 4933.15, the defendants showed that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. To avoid summary judgment against it, AHC was obligated to show that there remained a genuine issue for trial. Civ.R. 56(E). AHC's preemption contention does not show that there is a genuine issue for trial. If AHC were correct that the Federal Power Act preempts the state statutes that AHC had cited as the sources for his authority to appropriate Parcel 105, then AHC would have extinguished the basis for its claims.

AHC's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

SLABY, P.J, and REECE, J., concur.