Jones, J.
 

 These cases, being similar in character, were tried together in the courts below. It was stipulated that the same evidence should be used in each. In both of the lower courts the several defendants in error recovered judgments against the city, the causes having been taken to the Court of Appeals and heard on appeal. The city prosecutes error from the judgments of the Court of Appeals, and the causes were argued together in this court.
 

 The city of East Cleveland passed certain legislation extending a street known as Eddy road south of Euclid avenue in that city. The proposed extension provided for a street one hundred feet in width. As a part of this improvement the legislation of the city sought to provide for an excess of land beyond
 
 *435
 
 that required for the street proper, setting forth that the taking of the excess land was required for a slope grading to the extent hereinafter referred to. Because of the peculiar topography of the adjoining land, the city claims that the established grade of the street was such as to require cuts to be made along the line of the adjoining properties of the several defendants in error, amounting to from six to eight and one-half feet in depth. In order to provide for what the city deemed to be a necessary grade on both sides of the street level, its legislation provided that the excess lands abutting on each side of said one hundred-foot street, which include the entire property of the several defendants in error, should be condemned for the purpose of the improvement and in furtherance of that use; and that the excess appropriation was to be used for the creation and grading of a slope rising three-eighths of one inch per'foot of horizontal distance from the grade of the sidewalk to lines twenty feet distant therefrom, and from thence on a uniform slope for substantially the remainder of the entire length of the property of said defendants in error.
 

 Pursuant to legislation extending Eddy road, and providing for its width of one hundred feet, as aforesaid, and for the appropriation of the excess properties of the defendants in error under a stipulation that they were taken in furtherance of such public use, applications were filed by the city in the court of insolvency to assess the compensation to be paid to the several defendants in error for the excess so sought to be appropriated. Meanwhile each of the defendants in error filed a petition in the court of common pleas seeking to enjoin the city
 
 *436
 
 from appropriating the excess properties belonging to him, except in so far as so much of the excess might be reasonably required for the improvement. The allegations of the several petitions of the defendants in error are substantially alike. They allege that the property sought to be appropriated was greatly in excess of the property that would be occupied, used or required by the improvement, and was wholly unnecessary for its creation or maintenance; that the appropriation of the excess property was not for public use, but was for the purpose of reselling the same to private individuals at the city’s profit; that the purpose of the appropriation of the excess property by the city was not lawfully defined in its legislation; and that for the reasons stated, the proceedings were void and contravened the provisions of the federal and state Constitutions, and particularly the due process clause of the former, and Article XVIII, Section 10 of the latter, providing that a municipality appropriating property for public use might “in furtherance of such public use appropriate or acquire an excess over that actually to be occupied by the improvement.”
 

 The city and property owner both cite the case of
 
 City of Cincinnati
 
 v.
 
 Vester,
 
 281 U. S., 439, 50 S. Ct., 360, 74 L. Ed., 950. The city contends that its proceedings were in accord with the rule there enunciated. This the property owner denies. That case is authority for the principle that under Section 10, Article XVIII of our state Constitution, municipal legislation failing to define the purpose of excess appropriations in definite and specific terms cannot be sustained, and that in applying the Fourteenth Amendment of the federal Constitution to cases of
 
 *437
 
 excess appropriation of private property the question, What is a public use? is.a judicial one. It follows
 
 a fortiori
 
 that the city is required not only to define specifically the purpose of the appropriation in its legislation, but it is incumbent upon the city to sustain such requirement by proof of its necessity, since the power granted to a municipality to appropriate excess property in furtherance of a public use is only granted when the excess is reasonably needed for that use.
 

 The principal issue presented in these cases is this: Were all of such excess lands needed in the furtherance of this improvement or was their attempted appropriation arbitrary and needless? Upon that issue both of the lower courts found that •the appropriation of the larger .portion of the excess lands was not necessary for lateral support for the improvement, and was not in furtherance of the public use. The lots of the several defendants in error, facing the improvement, were 130 feet in depth and incumbered by buildings. All of this property was sought to be taken for a proposed grade extending from the sidewalk, to be “graded on a slope which rises three-eighths of one inch per foot of horizontal distance from the grade of said sidewalk,” etc. The grade so established by the city, taking substantially the whole of the properties of the several defendants in error, was wholly unreasonable and unnecessary for the maintenance of the street, or for its lateral support. The arbitrary fixing of a three-eighths of an inch grade therefor was unreasonable. This is evidenced by the testimony of one of the engineers introduced by the city, who in answer to the court’s query, testified, in
 
 *438
 
 effect, that not more than ten feet or twenty feet from the sidewalk would be necessary for grade maintenance. That testimony is as follows:
 

 “The Court: The only purpose they have beyond the twenty-foot line would be sort of a park purpose?
 

 “The Witness: Something of that kind. That has been discussed a number of times.
 

 “The Court: It might.extend ten feet- — after you take enough land to make the hundred-foot street, it might be considered merely for park purposes beyond the ten feet. It wouldn’t be necessary to slope it down?
 

 “The Witness: I don’t know whether you would call that park purposes or not, but as a general part of the improvement.
 

 “The Court: It wouldn’t be necessary though in construction of that road, actually necessary beyond the ten feet line?
 

 “The Witness: No.”
 

 The record is quite voluminous. The findings of the Court of Appeals in each of these cases are substantially alike. For example, in the
 
 McGrath case
 
 it found: “That the great weight and preponderance of the evidence is to the effect that it is not necessary for the lateral support or preservation of the proposed Eddy Road extension — to grade or to take the entire residual land of the plaintiffs as set forth in defendant’s legislation, and that the residue of plaintiffs ’ property is not being appropriated for a public use connected with or in furtherance of the proposed improvement known as Eddy Road extension.”
 

 Taking into consideration the topography of the
 
 *439
 
 land, the character and depth of the cuts made, and the exhibits and testimony touching the amount of excess land necessary for the improvement, the Court of Appeals could well have held,, as it did, that the legislation and proceedings whereby the city attempted to condemn all of the residual lands of the several defendants in error were invalid and inhibited by Section 10, Article XVIII of the Ohio Constitution. We would not disturb the reasonable discretion exercised by municipal authorities in the appropriation of excess lands adjoining a street improvement when necessary for the furtherance of that improvement; but we cannot sanction an arbitrary and unreasonable taking of excess private property for the contemplated use, under the guise that it is necessary for the improvement, where the weight of the evidence shows it to be otherwise.
 

 For the reasons stated the judgment of the Court of Appeals in each of these cases will be affirmed.
 

 Judgments affirmed.
 

 Matthias, Day, Allen, Kinkade and Bobinson, JJ., concur.
 

 Marshall, C. J., concurs in the judgment.