**CITY OF MENTOR, Appellee,**

v.

**OSBORNE, Trustee, Appellant, et al.**

[Cite as *Mentor v. Osborne* (2001), 143 Ohio App.3d 439.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 98–L–122.

Decided May 29, 2001.

442

*Mansour, Gavin, Gerlack & Manos Co., L.P.A., Michael T. Gavin, Eli Manos* and *Anthony J. Coyne; Baker, Hackenberg & Collins* and *James I. Hackenberg,* for appellee.

*Dworken & Bernstein Co., L.P.A., Melvyn E. Resnick* and *Patrick L. Perotti,* for appellant.

CHRISTLEY, Judge.

This appeal emanates from a final judgment of the Probate Division of the Lake County Court of Common Pleas. Appellant, Richard M. Osborne, trustee, appeals from the probate court's decision authorizing the appropriation of trust property by appellee, the city of Mentor. For the reasons that follow, we affirm the judgment of the probate court.

On August 1, 1997, appellee, a chartered municipal corporation, filed a petition to appropriate a piece of real estate owned by appellant. As grounds for the appropriation, appellee claimed that the land was necessary "for purposes of establishing park lands and related recreational facilities, as well as to preserve

the coastline of Lake Erie and prevent erosion." Attached to the petition was a resolution adopted by the Mentor City Council declaring the intent to appropriate the property, in addition to an ordinance directing the city law director to proceed accordingly.

Appellant filed an answer objecting to the appropriation action. In support, appellant argued that the appropriation served no public purpose because appellee had not developed "concrete plans" for using the land, and that the public uses cited in appellee's petition were inconsistent with other statements made by city officials. Moreover, appellant also alleged that the appropriation was unnecessary because appellee already owned land that adequately satisfied the city's need for parks and related recreational purposes.

The case was referred to a magistrate, who conducted a necessity hearing on October 3, 1997. At this hearing, both parties were given the opportunity to present evidence for and against their respective positions. On October 27, 1997, the magistrate issued a decision finding that appellee's intent in appropriating the land in question served a public purpose. Furthermore, the magistrate found that the land was being acquired for a specific design and was not excessive. As a result, the magistrate concluded that appellee should be entitled to appropriate the property.

On November 10, 1997, appellant filed objections to the magistrate's decision. After considering appellant's supporting arguments, the probate court filed an order on January 20, 1998, overruling the objections. The probate court issued another judgment entry on the same day adopting the magistrate's decision in its entirety, finding that the appropriation was reasonably necessary and within appellee's discretion.

The case then proceeded to trial for the sole purpose of determining the compensation to be paid appellant for the appropriated land. At the conclusion of a jury trial, the probate court entered a final judgment reflecting the jury's verdict.

From this decision, appellant filed a timely notice of appeal with this court. He now asserts the following assignments of error for our consideration:

"[1.] The trial court erred in requiring Defendant–Appellant to present his case first, without initially requiring the Plaintiff–Appellee to show that the prima facie jurisdiction of the court had been properly invoked.

"[2.] The trial court erred in placing the burden of proof upon the Defendant–Appellant to show a lack of necessity when the subject appropriation involves an excess taking governed by Article XVIII, Section 10 of the Ohio Constitution, under which the burden of showing a necessity is upon the appropriating body.

"[3.] The trial court erred in finding necessity."

In his first assignment of error, appellant argues that the probate court erred in making him proceed first at the necessity hearing. According to appellant, appellee should have been required to enter something on the record indicating that the appropriate resolutions had been duly enacted, timely filed and noticed to the property owner, and that the ordinance of appropriation was properly, lawfully, and timely entered to invoke the prima facie showing of necessity. We disagree.

R.C. 163.04 provides that appropriation proceedings may be initiated only after the municipality and the property owner are unable to agree, as in this case, or the property owner is unknown, out of state, or otherwise unavailable. Once a municipality meets the requirements of R.C. 163.04, R.C. 163.05 permits a municipality to file a petition for appropriation in the proper court. The municipality must include with its petition, among other things, a copy of the resolution stating the necessity of the appropriation.

Following the filing of the petition, R.C. 163.08 gives the property owner an opportunity to file an answer denying the right and necessity of the appropriation. If an answer is filed, R.C. 163.09 then requires that the trial court conduct a hearing on the issues raised by the answer. *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 326, 603 N.E.2d 1005, 1007–1008; *Weir v. Wiseman* (1982), 2 Ohio St.3d 92, 2 OBR 644, 443 N.E.2d 152, paragraph one of the syllabus; *Media One v. Manor Park Apts. Ltd.* (Oct. 13, 2000), Lake App. Nos. 99–L–116, 99–L–117, 2000–L–045, 2000–L–046, unreported, 2000 WL 1566525. At this hearing, the burden of proof is on the property owner who is challenging the municipality's right to make the appropriation, or who is disputing the inability of the parties to agree on the amount of compensation, or who is denying the necessity for the appropriation. R.C. 163.09; *Media One* at 8; *Hover v. Warren* (Dec. 31, 1997), Trumbull App. No. 97–T–0012, unreported, 1997 WL 835070.

Here, appellant does not allege that appellee failed to comply with R.C. 163.05. Rather, appellant merely argues that appellee should have been required to put evidence on the record showing that the appropriate resolutions had been duly enacted, timely filed and noticed to the property owner, and that the ordinance of appropriation was properly, lawfully, and timely entered.[1]

Nothing in R.C. Chapter 163, however, places such a burden on the appropriating agency. Instead, all that is required is that the municipality include the

---

1. As an aside, we would like to note that during oral argument, appellee claimed that appellant never raised this issue with the trial court, and as a result, we should not consider it on appeal. A review of the record, however, shows that this issue was raised both at the necessity hearing and with the trial court in appellant's objections to the magistrate's decision.

following with its petition: (1) a description of the property, (2) a copy of the resolution declaring the appropriation's necessity, (3) a statement of the interest sought, (4) the name and address of the current property owner, (5) a statement showing that the requirements of R.C. 163.04 have been met, and (6) a prayer for the appropriation. R.C. 163.05(A) through (G).

The petition filed by appellee in the case bar complied with the above requirements in all respects. Therefore, because appellant filed an answer pursuant to R.C. 163.08 denying the necessity of the appropriation, the probate court was required to conduct a hearing. More important, at this hearing, *appellant* had the burden of going forward with evidence challenging the necessity of the appropriation. As a result, the probate court did not err in making appellant proceed first. Appellant's first assignment of error has no merit.

In his second assignment of error, appellant maintains that the probate court erred in placing the burden of proof with respect to necessity on him because the appropriation involved an excess taking governed by Section 10, Article XVIII of the Ohio Constitution. Similarly, appellant claims in his third assignment of error that the probate court's ultimate finding of necessity is against the manifest weight of the evidence. Because these assignments of error present related issues, we will consider them in a consolidated fashion.

■ No one disputes that appellee has the right to exercise the powers of eminent domain. And while this authority is certainly great, the power to appropriate property for a public use is not absolute and must be exercised in accordance with the relevant statutory mandates. *Media One* at 12.

■■ Generally, "[t]he decision of a legislative body to appropriate a particular piece of property is afforded great deference by courts because it is presumed that the legislative body is familiar with local conditions and best knows community needs." *Pepper Pike v. Hirschauer* (Feb. 1, 1990), Cuyahoga App. Nos. 56963, 56964, 56965, and 57667, unreported, 1990 WL 6976. As a result, the statement of necessity within an appropriation petition is prima facie evidence of such necessity in the absence of proof showing an abuse of discretion by the agency. *Media One* at 12–13; *Pepper Pike* at 5.

■■ Furthermore, "it is well-established that the determination of what constitutes a public purpose is primarily the function of [the appropriating] municipality's legislative body." *Pepper Pike* at 5. Thus, the probate court, in resolving issues raised in an appropriation proceeding, " 'must defer to legislative wisdom as to discretionary matters[,]' " *Hover* at 9, quoting *Branford Village Condominium Unit Owners' Assn. v. Upper Arlington* (1983), 12 Ohio App.3d 120, 124, 12 OBR 440, 444–445, 467 N.E.2d 542, 546–547, and is limited to

determining whether or not the appropriating agency acted fraudulently, in bad faith, or abused its discretion.

Moreover, it must be remembered that where the appropriating agency has passed a resolution of necessity for the appropriation, the resolution is prima facie evidence of such necessity in the absence of proof showing fraud, bad faith, or abuse of discretion by the agency. *Media One* at 12–13. When that occurs, as it did here, the burden is on the property owner to establish that there is no necessity. R.C. 163.09; *Media One* at 8.

Our review of the probate court's decision in such matters is confined to a determination of whether the decision constitutes an abuse of discretion. *Media One* at 8; *Hover* at 9. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.

Appellant first argues that appellee had the burden of proving that appropriating the land was necessary because he believes that the appropriation amounted to an excessive taking. See, generally, *East Cleveland v. Nau* (1931), 124 Ohio St. 433, 179 N.E. 187, syllabus. Section 10, Article XVIII of the Ohio Constitution[2] allows a municipality to appropriate property in excess over that to be occupied by the improvement so long as the acquisition is made to further the public use of the land. However, appellant is correct that when a municipality chooses to take such action, the burden of proof is on the appropriating municipality to show that any excess land is necessary for a public purpose. *Id.* at syllabus. Furthermore, "[w]hile a court may not disturb the reasonable discretion exercised by municipal authorities, * * * it will not sustain an arbitrary and unreasonable taking of private property in furtherance of the contemplated use." *Id.*

In *Nau*, the city wanted to appropriate private property to extend a public street. As part of this improvement project, the city sought to take more land than necessary for the actual street extension to use as a grading slope. Specifically, there was evidence that the slope or grade proposed by the city was far in excess of the slope that was actually necessary for the construction of the road. After the petition was filed in the trial court, the property owners filed

---

2. Section 10, Article XVIII provides:

"A municipality appropriating or otherwise acquiring property for public use may in furtherance of such public use appropriate or acquire an excess over that actually to be occupied by the improvement, and may sell such excess with such restrictions as shall be appropriate to preserve the improvement made."

answers objecting to the appropriation of the excess land as unnecessary for the street's creation or maintenance.

In rejecting the city's petition in *Nau*, both the trial court and the appellate court found that there was evidence that the appropriation of the excess land was unnecessary and not in furtherance of the public use. The Supreme Court of Ohio agreed, concluding that while deference should be given to municipalities in the appropriation of excess property, such decisions will not be sanctioned when they are arbitrary or unreasonable. *Nau*, 124 Ohio St. at 439, 179 N.E. at 189.

Appellant claims that the case at bar is substantially similar to *Nau*, and that as a result, appellee had to provide evidence demonstrating that the appropriation was necessary. We disagree.

Both the petition and the record show that appellee is appropriating the entire piece of property for park purposes.[3] There was absolutely no evidence to indicate that appellee intends to use the property for anything else. Appellant's real argument is that because appellee already possesses a substantial amount of park land, any property now being taken for the same purpose would be excessive. This reasoning, however, is flawed and represents a misreading of *Nau*.

An excessive taking under Section 10, Article XVIII arises when the appropriating municipality *is actually seeking to take land that it knows will not be used for the stated public purpose.* For example, in *Nau*, the primary purpose of the appropriation was to extend a street. The city, however, wanted *additional* land to create a grade of several hundred feet on both sides of the new street. The facts in evidence demonstrated that only a ten- to twelve-foot grade was necessary. Thus, the city was seeking excess property over what was actually necessary to accomplish the stated purpose, *i.e.*, the extension of the street.

In *Nau*, there was no challenge to the stated purpose of the street extension. Here, however, appellant challenges the uncontested purpose by claiming that even if used as stated, it is excessive. The only evidence in the record shows that appellee intends to use the entire piece of property for the stated public purpose. Thus, *Nau* is inapplicable. As a result, the appropriation of the property does not result in an excessive taking beyond that which was stated in the petition. The burden of proving necessity does not, therefore, shift to appellee. Appellant's second assignment of error is not well taken.

As for the probate court's conclusion that the appropriation was reasonably necessary and within appellee's discretion, we begin by noting that it

---

**3.** When combined with the parcels of other appropriated lands in the White Triangle area, appellant's property creates a contiguous whole.

is well established that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

As the trier of fact is in the best position to view the witnesses and their demeanor, in making a determination that a judgment is against the manifest weight of the evidence, this court is mindful that we must indulge every reasonable presumption in favor of the lower court's judgment and findings of fact. *Shemo v.. Mayfield Hts.* (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018, 1021; *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 226, 638 N.E.2d 533, 536–537. In other words, "an appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court's findings." *State ex rel. Celebrezze v. Environmental Ent., Inc.* (1990), 53 Ohio St.3d 147, 154, 559 N.E.2d 1335, 1342.

This court has conducted an exhaustive review of the testimony given at the hearing, as well as the exhibits submitted into evidence. Upon consideration of the foregoing, we conclude that there was competent, credible evidence to support the probate court's finding of necessity.

In its petition, appellee clearly stated that appellant's property was necessary "for purposes of establishing park lands and related recreational facilities, as well as to preserve the coastline of Lake Erie and prevent erosion * * *." This declaration was supported by the testimony and evidence provided at the hearing.

Nevertheless, appellant's claim of excess is based on the fact that appellee already possesses a substantial amount of land designated for park purposes. In addition, appellant also emphasizes that city officials admit that there are currently "no definite or specific plans for the subject premises." As a result, appellant believes that with appellee's prior acquisition of approximately three hundred fifty acres of land in an area commonly referred to as the Mentor Lagoons, the city has already effectively met its needs for park and/or recreational land, and that appellee is now arbitrarily seeking excess land.

In support, appellant refers to appellee's 1997 Comprehensive Development Plan, which adopted a policy that additional lands for parks and recreation should only be acquired "based on demand." Furthermore, appellant also notes that the same plan approved a set of guidelines created by the National Recreation and Parks Association that called for ten acres of park land per one thousand residents, and that appellee, at the time of the hearing, already had available more than two thousand acres of park land for use by the city's residents, which represented approximately 3.25 times the recommended amount.

In light of the foregoing, appellant argues that the appropriation of his property is clearly unnecessary because appellee already exceeds the city's plans. What appellant fails to recognize is that the 1997 Comprehensive Development Plan is only a guideline, and, as a recommendation, is useful but not binding on appellee.

It is worth mentioning that the stated purpose went far beyond the traditional notion of a recreational park. The petition included concepts of environmental protection, ecology, and coastline preservation and erosion protection. Those concerns well exceed the concept of parks contemplated for recreational use.

Also, the fact that appellee has not created "definite or specific plans" with respect to the land's eventual use, outside of the stated purpose of parks, recreation, and environmental concerns, is not dispositive. There is no authority in Ohio requiring an appropriating agency to first prepare a development program for the land prior to its acquisition. This is even more true in a case such as this one where the city has provided a valid public purpose for the appropriation. R.C. 719.01(B). Thus, this is not a situation where land is being appropriated for some contemplated but undetermined future use. See, generally, *State ex rel. Sun Oil Co. v. Euclid* (1955), 164 Ohio St. 265, 58 O.O. 25, 130 N.E.2d 336, paragraph four of the syllabus.

As a result, whether the land here is used for a playground, a marina, or athletic fields, or simply held in untouched pristine splendor, it is immaterial when the plans are developed so long as the eventual use is related to the stated public purpose. We can see no reason to proscribe the authority of a municipality to govern as it sees fit in the manner suggested by appellant.

Essentially, appellant is arguing that appellee has too much power in matters such as appropriation actions. What appellant fails to recognize is that this court, as part of the judicial branch of government, must defer to discretionary legislative decisions that do not constitute an abuse of discretion. As already discussed, "it is well-established that the determination of what constitutes a public purpose is primarily the function of [the appropriating] municipality's legislative body." *Pepper Pike* at 5.

Appellant's real argument lies with the General Assembly. It is that body that has given municipalities the authority to begin appropriation proceedings simply by stating that the sought-after property is necessary for a public purpose. Although some may argue, as appellant does, that this power is too extreme and excessive, the fact remains that this is not the appropriate forum for challenging the public policy behind that grant of power.

**450**

Therefore, we conclude that the probate court did not abuse its discretion in finding that the appropriation was reasonably necessary. Appellant's third assignment of error is without merit.

Based on the foregoing analysis, the judgment of the probate court is affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.