[Cite as *Atwood Regional Water & Sewer Dist. v. Smith*, 2017-Ohio-206.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ATWOOD REGIONAL WATER & SEWER DISTRICT | JUDGES: Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2016 AP 05 0026 |
| MATTHEW P. SMITH, et al. | O P I N I O N |
| Defendants-Appellants | |

CHARACTER OF PROCEEDING: Civil Appeal from the Court of Common Pleas, Case No. 2015 CV 06 0364

JUDGMENT: Affirmed in Part; Reversed in Part and Remanded

DATE OF JUDGMENT ENTRY: January 17, 2017

APPEARANCES:

For Plaintiff-Appellee

D. BRAD ZIMMERMAN
FRANK J. ROSE
MICHAEL R. PUTERBAUGH
FITZPATRICK, ZIMMERMAN & ROSE
140 Fair Avenue, NW
Post Office Box 1014
New Philadelphia, Ohio 44663

For Defendants-Appellants

THOMAS H. HISRICH
121 West Fourth Street
Dover, Ohio 44622

MICHAEL BRAUNSTEIN
CLINTON P. STAHLER
MATTHEW L. STRAYER
GOLDMAN & BRAUNSTEIN
500 South Front Street, Suite 1200
Columbus, Ohio 43215

*Wise, J.*

**{¶1}**  Defendants-Appellants Matthew P. Smith, Tammy S. Smith, Georgia M. Gregory, Wayne Gregory, Richard Romer and Janet B. Romer appeal the April 11, 2016, Judgment Entry entered by the Tuscarawas County Court of Common Pleas, finding in favor of Plaintiff-Appellee Atwood Regional Water & Sewer District on its Cross-Claim and Petition for Appropriation.

## PROCEDURAL HISTORY

**{¶2}**  This action was originally commenced by Marathon Pipeline LLC filing its Verified Petition for Appropriation of Easement in Real Property on June 22, 2015, against Matthew P. Smith, Tammy S. Smith, Georgia M. Gregory, Janet B. Romer, Richard Romer, Leonard Goldstock, Mary Ann Goldstock, Wayne Gregory, Atwood Regional Water and Sewer District, and others.

**{¶3}**  On August 24, 2015, the Defendant Atwood Regional Water & Sewer District filed a Cross-Claim against Georgia and Wayne Gregory, Richard and Janet Romer, and Matthew and Tammy Smith (Landowner Defendants).

**{¶4}**  On September 25, 2015, the Landowner Defendants filed an answer to Defendant Atwood Regional Water & Sewer District's Third Party Cross-Claim and Petition for Appropriation. Marathon Pipeline LLC voluntarily dismissed its Verified Petition for Appropriation of Easement in Real Property on October 29, 2015.

**{¶5}**  This case proceeded as Atwood Regional Water & Sewer District, Cross-Claim Appellees, hereinafter referred to as Plaintiff-Appellee herein, versus Matthew P. Smith, et al, Cross-Claim Appellants, hereinafter referred to as Defendants-Appellants herein. This appeal was filed under the above caption for the ease of identification of the

parties in this appeal, all of which proceedings were filed under the same case number originally styled as *Marathon Pipeline LLC vs. Matthew P, Smith et al.*, Case No. 2015CV060364.

## STATEMENT OF THE FACTS AND CASE

{¶6} This case involves the taking of private lands for a public purpose under R.C. §6119.011(A).

{¶7} Plaintiff-Appellee Atwood Regional Water & Sewer District runs sanitary sewer systems in Tuscarawas and Carroll counties. (T. at 6-7). In 2014, Appellee, through its board and superintendent, Larry Lloyd, determined that it needed property to properly dispose of sewage sludge. (T at 8). Previously, Appellee had been dumping this sludge on another nearby farm for over 30 years, but that arrangement was no longer working. Appellee was having trouble coordinating its disposal around the farm's planting schedule, and Appellee had to coordinate and pay for transportation of the sludge over public roads. (T. at 7).

{¶8} Defendants-Appellants Matthew P. and Tammy S. Smith, Richard and Janet Romer, and Wayne and Georgia Gregory are joint owners of 112 acres of vacant land located on New Cumberland Road, Warren Township, Tuscarawas County, Ohio. Appellants also own an adjacent parcel that is separated by a waterway. (T. at 39-40). Appellants purchased said property for investment and devoted part of it to farmland, timber growth, and recreational purposes.

{¶9} Appellants' property was the closest to the sewage plant, and it had no road which needed to be crossed by Appellee in dumping sludge. (T. at 8).

{¶10}   Pursuant to statute, an offer was made to Appellants in 2014 to purchase the subject parcel. (T. at 10). There was no response.

{¶11}   On or about May 18, 2015, Plaintiff-Appellee, through the Board for the Atwood Regional Water & Sewer District passed a Resolution declared by necessity for acquiring property for use as a sludge disposal site and approving the acquisition from Defendants-Appellants of 112 acres of land. Pursuant to the Resolution, Defendants-Appellants were notified of Plaintiff-Appellee's intention to appropriate all 112 acres of land.

{¶12}   Negotiations for acquisition were not successful and Plaintiff- Appellee filed its answer and cross-claim to appropriate the lands of Defendant-Appellants on August 24, 2015.

{¶13}   Between the time this case was commenced in June, 2015, and the necessity hearing in October, 2015, Appellants sold an easement for a pipeline cutting through the property to the original Plaintiff, Marathon Pipeline, LLC. (T. at 44). As a result, Marathon withdrew from this case, and the parties were realigned.

{¶14}   In their Answer, filed September 25, 2015, Defendants-Appellants opposed Plaintiff-Appellee's request for appropriation, asserted that Plaintiff-Appellee had not demonstrated the requisite necessity for this appropriation, and included a request for non-binding mediation and a jury demand.

{¶15}   On October 30, 2015, the matter came on for an evidentiary hearing for the determination of necessity of the appropriation of Defendants-Appellants' land.

{¶16}   At the necessity hearing, Mr. Lloyd testified that the dumping of the sludge on the neighboring property, rather than transporting it elsewhere, would save the

Appellee 83 percent of disposal costs. (T. at 6-8). Mr. Lloyd admitted that a portion of the acreage may not be used for sludge disposal purposes at this time because it is wooded, sloped, and landlocked. Mr. Lloyd estimated that 85 of the 112 acres were ready presently for sludge disposal. (T. at 30). He stated that Appellee decided to request an appropriation of the entire property in fairness to Appellants so that they would not be left with a smaller, sloped, landlocked parcel. (T. at 31).

{¶17}  The parcel in question is part of a reclaimed strip mine. It is mostly tillable, but a portion of the acreage that slopes to a creek is wooded. (T. at 30, 50).

{¶18} Appellants' expert, Donald Dummermuth, testified that another process could be used to dispose of the sludge by Appellee. (T. at 61-64). However, Mr. Dummermuth admitted that he knew none of the specifics of Appellee's operation. Mr. Dummermuth also admitted that he had worked as an engineer on other local sanitary sewage projects over the past 20 years and had encouraged the same method being proposed by Atwood in the instant case. (T. at 66).

{¶19}  After the evidence was presented, briefs were filed by Plaintiff-Appellee on November 12, 2015, and on behalf of Defendants-Appellants on November 13, 2015.

{¶20} On April 11, 2016, the trial court entered judgment wherein it made numerous findings of law and fact, including findings that Plaintiff-Appellee's request for the appropriation of the entire 112 acres is for a public use (Finding of Fact 15); that Plaintiff-Appellee's decision to appropriate the subject property for disposal of the sewage sludge through land application was reasonable and was not an abuse of discretion (Finding of fact 16); and upon review of the relevant evidence in law, the trial court found

that the requested taking of the subject property was necessary and for a public use, an appropriation of the subject property was proper, and thus the appropriation was proper.

{¶21} It is from this judgment entry Appellants appeal, raising the following assignments of error:

## ASSIGNMENTS OF ERROR

{¶22} "I. THE TRIAL COURT ERRED IN APPROVING AN APPROPRIATION OF 112 ACRES, WHERE EVEN THE APPROPRIATING AUTHORITY CONCEDED THAT ONLY 85 ACRES COULD BE USED FOR A PURPORTED PUBLIC PURPOSE.

{¶23} "II. THE TRIAL COURT ERRED IN FINDING THAT THE REQUESTED TAKING WAS NECESSARY, WHERE FROM THE EVIDENCE, IT WAS UNKNOWN WHETHER THE PURPORTED PUBLIC USE WAS A LEGALLY PERMITTED USE, AND WHERE IT WAS UNKNOWN WHEN (IF EVER) SUCH PURPORTED PUBLIC USE WOULD BEGIN."

## I.

{¶24} In their First Assignment of Error, Appellants argue that the trial court erred in granting the appropriation of all 112 acres in this case. We disagree.

{¶25} More specifically, Appellants argue that Appellee is improperly engaging in excess condemnation because it only plans on using 85 of the 112 acres for land application of the sewer sludge.

{¶26} An excessive taking under Section 10, Article XVIII arises when the appropriating municipality *is actually seeking to take land that it knows will not be used for the stated public purpose.*

{¶27} In *E. Cleveland v. Nau,* 124 Ohio St. 433, 179 N.E. 187, syllabus, the Supreme Court held that "Section 10, article XVIII, of the Ohio Constitution, provides that a municipality acquiring property for public use may, in furtherance of that use, appropriate excess lands over that actually to be occupied by the improvement. Under that article, a municipality is required, not only to define specifically in its legislation the purpose of the appropriation, but it must also sustain such requirement by proof of its necessity. While a court may not disturb the reasonable discretion exercised by municipal authorities, as to the amount of excess property necessary to be appropriated in furtherance of a public use, it will not sanction an arbitrary and unreasonable taking of private property in furtherance of the contemplated use."

{¶28} The Supreme Court of Ohio cited *Cincinnati v. Vester,* 281 U.S. 439, 50 S.Ct. 360, 74 L.Ed. 950, as authority for the principle that "under section 10, article XVIII, of our state Constitution, municipal legislation failing to define the purpose of excess appropriations in definite and specific terms cannot be sustained, and that, in applying the Fourteenth Amendment of the Federal Constitution to cases of excess appropriation of private property, the question, What is a public use? is a judicial one. It follows *a fortiori* that the city is required, not only to define specifically the purpose of the appropriation in its legislation, but it is incumbent upon the city to sustain such requirement by proof of its necessity, since the power granted to a municipality to appropriate excess property in furtherance of a public use is only granted when the excess is reasonably needed for that use." *Nau,* 124 Ohio St. at 436–437, 179 N.E. 187. *Springfield v. Gross*, 164 Ohio App.3d 1, 2005-Ohio-5527, 840 N.E.2d 1123, ¶¶ 16-17 (2nd Dist.).

{¶29} Here, at the evidentiary hearing, the following exchange took place between the trial court and Atwood's Superintendent Larry Lloyd:

THE COURT: Before Mr. Hervey, I just wanted, I didn't catch a couple foundation questions. How many acres are in the entire piece of property that is sought? ·

THE WITNESS: There's a hundred and twelve and a few tenths acres.

THE COURT: Okay. And how much of that acreage would be used for the land application?

THE WITNESS: Well, from our evaluation of it, there's about eighty-five acres that would be appropriate for this under the systems that we've used. There might later on be other things that we could use, but right now, about eighty-five acres would be.

THE COURT: So the balance of that, roughly - twenty-seven give or take acres, would be the, what has been referred to as the wetlands, the timber properties, or the area--

THE WITNESS: Yeah, the wood, the wood lot and areas that are too steep - -

THE COURT: Okay.

THE WITNESS: --to handle that.

THE COURT: So why would the Atwood Regional Water and Sewer District request to appropriate the land they're not going to use?

THE WITNESS: Well the primary reason is that we wanted to not have a residual for the, you know, where you couldn't "use, you couldn't get to it and so forth. So we just asked to take the entire property-rather than part of it.

**{¶30}** In its Judgment Entry, the trial court, based on the foregoing, made the following findings of facts:

15. Atwood seeks to appropriate the entire property; however, Atwood can only use approximately 85 of the 112 acres for land application because Atwood cannot put sewage on the wetland or the timber/wooded areas of the Subject Property. Atwood intends to spread sewage only on the crop land area.

16. Although Atwood cannot use all of the acres for land application, Atwood does not want to leave residual property that would be landlocked and would only be accessible by crossing a creek. The land that is unusable by Atwood for land application is contiguous to, but separated by a waterway, from other land owned by the Landowner Defendants.

**{¶31}** Appellants argue that Appellee's explanation for not wishing to leave a portion of the parcel landlocked is not a proper justification for excess appropriation.

**{¶32}** R.C. §163.09(B) states that, when an answer to such a petition denies the necessity for the appropriation: "Upon those matters, the burden of proof is upon the owner. A resolution or ordinance of the governing or controlling body, council, or board of the agency declaring the necessity for the appropriation shall be prima-facie evidence

of that necessity in the absence of proof showing an abuse of discretion by the agency in determining that necessity.

{¶33} Here Appellee Atwood adopted a resolution of necessity for the appropriation. Thus, under R.C. §163.09(B), the burden of proof fell upon Appellants landowners to demonstrate that the appropriation was not necessary. In order to find that there was no necessity for the appropriation, the trial court would have had to determine that Appellee Atwood abused its discretion. In reviewing the trial court's conclusion that there was no such abuse of discretion, we are limited to determining whether the decision was supported by competent and credible evidence. *City of Toledo v. Kim's Auto & Truck Service*, Inc., 6th Dist. No. L-02-1318, 2003-Ohio-5604, at ¶ 10; *Erie-Ottawa-Sandusky Regional Airport Authority v. Orris* (Sept. 13, 1991), 6th Dist. No. 90-OT-039, at *4.

{¶34} This Court reviewed the testimony given at the hearing and upon consideration of the foregoing, we conclude that there was not competent, credible evidence to support the trial court's finding of necessity as to the additional 27 acres. As set forth above, Appellee's witness admitted that Atwood only needs and plans on using 85 of the 112 acres for application of sewer sludge. The only reason it gave for taking the additional 27 acres was to not leave an orphaned piece of property which would be land-locked or inaccessible. Thus, Atwood does not intend to use the entire piece of property for the stated public purpose, the disposal of sewer sludge, and is seeking excess property over what is actually necessary to accomplish the stated purpose. Because the purpose of the appropriation, as stated in Resolution No. 05-18-15, is to acquire property for us as a sludge disposal site, the city failed to define specifically in its legislation the purpose of the excess appropriation.

{¶35} We conclude that the city's failure to define the purpose of excess appropriations in definite and specific terms is fatal to the proposed appropriation of the excess 27 acres in accordance with *Springfield v. Gross*, 164 Ohio App.3d 1, 2005-Ohio-5527, 840 N.E.2d 1123, *Cincinnati v. Vester,* 281 U.S. 439, 50 S.Ct. 360, 74 L.Ed. 950 and *East Cleveland v. Nau,* 124 Ohio St. 433, 179 N.E. 187 (1931). We therefore find that the additional 27 acres amounted to an excess taking.

{¶36}  Appellants' First Assignment of Error is sustained.

## II.

{¶37}  In their Second Assignment of Error, Appellants argue that the trial court erred in finding that the taking was necessary. We disagree.

{¶38}  Based on disposition of Appellant's first assignment of error, we will only be reviewing the finding of necessity as it applies to the remaining 85 acres.

{¶39}  Appellants argue that because Appellee had not yet sought approval from the Environmental Protection Agency, the claimed necessity is only speculative and that Appellee cannot know that the public purpose will be achieved within a reasonable time pursuant to R.C. §163.59(B).

{¶40}  Appellant cites no case law for its proposition that Appellee was required to obtain EPA approval prior to commencing an appropriation action.

{¶41}  Upon review, this Court finds the Ninth District Court of Appeals in *Wadsworth v. Yannerilla*, 170 Ohio App.3d 264, 2006-Ohio-6477, addressed this same issue, wherein it held:

> This court concludes that Wadsworth was well within its constitutional authority to begin taking steps to appropriate land that it

deemed necessary to achieve its public purpose prior to obtaining OEPA approval for the well site. To conclude otherwise would result in the unnecessary handcuffing and stalling of an appropriating agency's exercise of its constitutional power.

**{¶42}** The *Yannerilla* court also found that Wadsworth had met the "reasonableness" requirements:

R.C. 163.59(B) requires that the appropriation be for a "defined public purpose that *is to be achieved* in a defined and reasonable period of time." (Emphasis added). To this court, it appears that the Revised Code contemplates reasonably prospective projects. In fact, a "public agency may 'provide for not only its present but also its prospective necessities' 'if it is not more than may in good faith be presumed necessary for future use within a reasonable time.' " *Columbus City School Dist. Bd. of Edn. v. Holding Corp. of Ohio* (1971), 29 Ohio App.2d 114, 124, 58 O.O.2d 165, 278 N.E.2d 693, quoting 29A Corpus Juris Secundum 386, Section 92.

**{¶43}** Based on the foregoing, we do not find that the trial court erred in making a finding of necessity in this matter.

**{¶44}** Appellants' Second Assignment of Error is overruled.

**{¶45}** For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is affirmed in part, reversed in part and remanded to the trial court to amend its judgment entry to reflect the appropriation of only the 85 acres this Court finds was supported by a finding of necessity.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0105