CITY OF CINCINNATI, APPELLANT, *v.* SMITH ET AL., APPELLEES.

[Cite as Cincinnati v. Smith (1971), 29 Ohio App. 2d 172.]

(No. 11441—Decided May 17, 1971.)

*Mr. William A. McClain* and *Mr. Robert S. Holzman,* for appellant.

*Messrs. Goldman, Cole & Putnick* and *Mr. Theodore M. Berry,* for appellees.

YOUNG, J. This is an appeal on questions of law from the action of the Common Pleas Court of Hamilton County in granting the motion of the defendants, property owners, to strike the petition, declaration of intent and motion for declaration of value, filed by the plaintiff, from the files.

It is undisputed that the city of Cincinnati, exercising its authority to appropriate real property under the provisions of R. C. Chapter 163, filed a suit against the defendants, Bessie Smith and others, to appropriate certain real property located in the city of Cincinnati. The petition was filed on April 3, 1970. The defendants were properly served, and, in order to comply with the provisions of R. C. 163.08, were required to file an answer on or before May 6,

1970. The defendants have never filed an answer.

On May 20, 1970, the city of Cincinnati, appellant herein, filed a motion for declaration of value. On May 28, 1970, the defendants, property owners, filed a moton to strike the petition, declaration of intent and motion for declaration of value from the files and the Common Pleas Court granted this motion on October 14, 1970.

The defendants, appellees herein, argue that the motion to strike was in effect a demurrer, and was treated as such by the trial court. However, we find that the statement of the Court of Appeals for Franklin County, in *Masheter* v. *Benua* (1970), 24 Ohio App. 2d 7, at page 9, paraphrasing the language of the court in the case of *Thormyer* v. *Irvin* (1960), 170 Ohio St. 276, "that if the landowner wanted to raise questions other than a determination of the amount of compensation and damages to which he is entitled, such questions would have to be determined in a separate action to enjoin the proceeding," is distinctly in point and should be the guide for counsel in appropriation actions.

With reference to the necessity for filing an answer within the time specified in R. C. 163.08, the Supreme Court of Ohio made it quite clear in *Cincinnati* v. *Bossert Machine Co.* (1968), 16 Ohio St. 2d 76, that this matter is jurisdictional and must be obeyed by the trial court. In the same case, that court stated that the statute in question "does not violate due process nor trench on any judicial prerogative."

The appellees argue that there were deficiencies in the petition and that it failed to comply with the provisions of R. C. 163.04 and 163.05. As already indicated herein, the case of *Thormyer* v. *Irvin, supra,* makes it clear that such questions must be raised in a separate action to enjoin the proceeding.

In the case of *Masheter* v. *Benua, supra,* at page 10, the Supreme Court said:

"Even if one were to assume that there was a defect in the petition by reason of the failure of counsel for the

appropriator to sign the petition, this defect, if any, could have been cured by the power granted to courts to amend and correct pleadings, R. C. 2309.58. However, with such claimed defect the issues of the proceeding were not changed or even affected by such claim. The sole issue in an appropriation case is the question of proper valuation of the property to be appropriated."

The order of the Common Pleas Court, striking the petition, the declaration of intent and motion for declaration of value from the files, is reversed and the cause is remanded for further proceedings in which the court shall fix the value of the property appropriated in accordance with that set forth in the petition and motion for declaration of value.

*Judgment reversed.*

HESS, P. J., and SHANNON, J., concur.