[Cite as *Dublin v. RiverPark Group, L.L.C.*, 2019-Ohio-1790.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


City of Dublin,                                  :

      Plaintiff-Appellee,                   :
                                      No. 18AP-607

v.                                               :     (C.P.C. No. 15CV-8662)

RiverPark Group, LLC et al.,                     :     (REGULAR CALENDAR)

      Defendants-Appellants.               :


D E C I S I O N

Rendered on May 9, 2019


**On brief:** *Frost Brown Todd, LLC, Philip K. Hartmann, Jeremy M. Grayem,* and *Yazan S. Ashrawi,* for appellee. **Argued:** *Jeremy M. Grayem.*

**On brief:** *Warner Mendenhall; Karen Edwards-Smith,* for appellants. **Argued:** *Warner Mendenhall.*


APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendants-appellants, RiverPark Group, LLC ("RiverPark") and River Ridge Office Condominium ("River Ridge") (collectively "appellants"), appeal from judgments of the Franklin County Court of Common Pleas awarding compensation to appellants from plaintiff-appellee, City of Dublin, Ohio ("Dublin"), for certain permanent and temporary easements acquired by Dublin in a quick-take appropriation action. For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On September 30, 2015, Dublin filed its complaint for appropriation, pursuant to R.C. 163.04, seeking possession of, and the conveyance of title to, certain real

property belonging to RiverPark. The real property is described generally in the complaint as "a 0.130 acre, more or less, permanent easement; and a 0.036 acre, more or less, temporary easement, in and to the premises located in the City of Dublin, Franklin County." (Compl. at ¶ 9.) Dublin sought to appropriate a permanent easement and a temporary easement within Franklin County for the purpose of constructing roadway improvements at the intersection of State Route 161 and Riverside Drive and a shared-use path adjacent to Riverside Drive. (Compl. at ¶ 8.) On November 2, 2015, RiverPark filed an answer to the complaint which included a jury demand. RiverPark's answer does not contain a specific denial of Dublin's right to make the appropriation or the necessity of the appropriation and does not contain any affirmative defenses.

{¶ 3} On May 26, 2016, RiverPark's trial counsel, Michael Braunstein, moved to withdraw from representation of RiverPark due to an alleged disagreement with the client regarding litigation strategy. On June 10, 2016, the trial court granted the motion. On July 12, 2016, new trial counsel, Gregory Barwell, entered an appearance on behalf of RiverPark. On December 29, 2016, Barwell moved the trial court to withdraw from his representation of RiverPark due to an alleged disagreement regarding retention of expert witnesses. The trial court granted the motion on January 23, 2017.

{¶ 4} After the withdrawal of Barwell, RiverPark was unrepresented by counsel in this matter until July 4, 2017, when Karen Edwards-Smith entered her appearance on behalf of RiverPark. On February 16, 2018, River Ridge, also represented by Edwards-Smith, filed a motion to intervene in this action as a defendant alleging River Ridge had an ownership interest in a portion of the real property sought to be appropriated. More particularly, River Ridge claimed the permanent and temporary easement Dublin seeks to appropriate crosses "a 22' wide drive easement" shown on the River Ridge condominium drawings. (Mot. to Intervene & Memo. in Support at 3.) River Ridge submitted a proposed answer to the complaint and counterclaim with its motion. In the proposed answer, River Ridge denies Dublin's right to make the appropriation and the necessity of the appropriation. The proposed answer asserts at paragraph 44 that "Dublin lacked authority to appropriate or 'quick take' River Ridge's property under the Ohio Revised Code and the Ohio Constitution as it was not taken for roadway purposes." The proposed counterclaim seeks ejectment or recovery of real property.

{¶ 5} On that same date, RiverPark filed a motion for leave to amend its answer in order to assert affirmative defenses and a counterclaim against Dublin. The proposed amended answer contains the same challenges to Dublin's right to make the appropriation and the necessity of the appropriation that River Ridge asserted in its proposed answer, along with an allegation that Dublin failed to join River Ridge as a necessary party. The proposed counterclaim also seeks ejectment or recovery of real property.

{¶ 6} On March 27, 2018, the trial court issued a decision denying RiverPark's motion to amend its answer and denying River Ridge's motion to intervene. The trial court did, however, order River Ridge be added as a party-in-interest pursuant to R.C. 163.12.

{¶ 7} On June 4, 2018, the parties filed a joint stipulation wherein the parties agreed that Robert J. Weiler, MAI, conducted a full summary appraisal of the subject property and published a report dated March 12, 2018. The stipulation further provides that on September 30, 2015, the date of the take, Weiler assessed the property value at $35,930 and total compensation due to the property owners as $35,930. On June 14, 2018, the parties stipulated and agreed that a magistrate could preside over the upcoming jury trial.

{¶ 8} The case was tried to a jury and, on July 11, 2018, the trial court issued a "judgment entry on verdict" whereby the court awarded Dublin a permanent shared-use path easement on the appropriated real property "to construct, operate, maintain, repair, and replace a shared-use path, and to perform such grading work as necessary" and for "ingress and egress over portions of Defendants' property reasonably necessary to facilitate [Dublin's] use of the easement area." (July 11, 2018 Jgmt. Entry at 1.) The trial court also awarded Dublin a "temporary easement for construction and grading" on the appropriated real property. (July 11, 2018 Jgmt. Entry at 2.) In accordance with the jury verdict, the trial court ordered the sums Dublin previously deposited with the court, $35,930, paid as compensation to "any individual or entity having interest in the easements taken pursuant to the notice and opportunity to be heard." (July 11, 2018 Jgmt. Entry at 1.)

{¶ 9} Appellants timely appealed to this court from the judgments issued March 27 and July 11, 2018.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Appellants assign the following as trial court error:

[1.]  It is unconstitutional for Dublin to use quick take to immediately enter property when the City Council has not approved its use, when the owners have not been given notice that the City intends to use quick take, and when the purpose of appropriating the property is for a bike path easement.

[2.]  The trial court erred in denying River Ridge Office Condominium's motion to intervene.

[3.]  The trial court erred in denying RiverPark Group, LLC's motion to amend its answer.

## III.  LEGAL ANALYSIS

### A.  Appellants' First and Third Assignments of Error

{¶ 11} Because appellants' first and third assignments of error are interrelated, we will consider them together.  Appellants' threshold argument in support of its first and third assignments of error is that Dublin did not have a statutory or constitutional right to appropriate their real property by means of the quick take because making or repair of roads was not the purpose of Dublin's construction of the shared-use bike path.  In appellants' first assignment of error, appellants argue Dublin violated appellants' rights under Ohio Constitution, Article I, Section 19, and due process of law when it appropriated appellants' real property pursuant to a quick take under R.C. 163.02 et seq.  In appellants' third assignment of error, appellants contend the trial court erred in denying RiverPark's motion to amend its answer for purposes of denying Dublin's right to the appropriation and the necessity for the appropriation.

{¶ 12} Dublin argues that R.C. 163.08 and the Supreme Court of Ohio decision in *Worthington v. Carskadon*, 18 Ohio St.2d 222 (1969), preclude a property owner from raising such defenses in an appropriation action where the public agency's purpose for appropriation is making or repairing roads.  Dublin further contends because it has completed the construction project, acquired title to the easements in question, and paid compensation to the property owner as awarded by the jury, Dublin's right to the appropriation cannot be challenged on appeal, even if the appropriation was illegal or unconstitutional.  We agree with Dublin.

{¶ 13} "The Ohio Constitution, Article I, Section 19 provides that, whenever private property 'shall be taken for public use, a *compensation therefor shall first be made in money*, or first secured by a deposit of money; and such compensation shall be assessed by

a jury.' " (Emphasis added.) *Dublin v. Friedman*, 10th Dist. No. 16AP-516, 2017-Ohio-9127, ¶ 26, quoting Ohio Constitution, Article I, Section 19. However, " ' "[p]rivate property may be taken *for the purpose of making or repairing roads without first either compensating the owner* or securing such compensation be made, provided compensation is subsequently determined." ' " (Emphasis added.) *Friedman* at ¶ 26, quoting *Octa v. Octa Retail, LLC*, 12th Dist. No. CA2007-04-015, 2008-Ohio-4505, ¶ 8, quoting 38 Ohio Jurisprudence 3d, Eminent Domain, Section 246, at 317 (2003). Accordingly, the quick-take provision in R.C. 163.06(B) provides "[a] public agency appropriating property for the purpose of making or repairing roads which shall be open to the public, without charge, * * * may deposit with the court at the time of filing the petition the value of such property appropriated," as determined by the "agency, and * * * thereupon take possession of and enter upon the property appropriated."

{¶ 14} Ohio's quick-take provisions "permit 'an agency to take immediate possession of property after making a deposit of the assessed value of the property with the court.' " *Friedman* at ¶ 25, quoting *Octa* at ¶ 9. R.C. 163.08 provides, in relevant part, as follows:

> The agency's right to make the appropriation, the inability of the parties to agree, and the necessity for the appropriation shall be resolved by the court in favor of the agency unless such matters are specifically denied in the answer and the facts relied upon in support of such denial are set forth therein, provided, *when taken * * * for the purpose of making or repairing roads*, which shall be open to the public, without charge, *an answer may not deny the right to make the appropriation, the inability of the parties to agree, or the necessity for the appropriation.*

(Emphasis added.)

{¶ 15} In *Carskadon*, the City of Worthington used the quick-take provisions to immediately enter appellants' property to construct a drainage ditch. Appellants attempted to directly challenge, in the appropriation proceeding, Worthington's right to employ the quick take for the purpose of constructing a drainage ditch, but the trial court ruled R.C. 163.08 did not permit the property owner to deny Worthington's right to make the appropriation. The Supreme Court agreed with the property owner that the use of the quick take by the city was "illegal and unconstitutional" because Ohio Constitution, Article I,

Section 19 "permits immediate entry in time of public exigency and for the purpose of public roads," while the case before it "involved only a drainage ditch." *Id.* at 223. However, in affirming the judgment of the trial court, the court held the "illegal seizure [was] a *fait accompli*, and the right of the city to do so is now moot. It now owns an easement and the illegality of its possession has ceased." (Emphasis sic.) *Id.* at 224. The court explained that the "proper remedies for illegal entry upon one's property are criminal trespass and civil damages against the individuals entering, and injunction against the city and its agents." *Id.*

{¶ 16} R.C. 163.02 et seq., known as the "Uniform Eminent Domain Act," was subsequently examined by this court in *Branford Village Condominium Unit Owners' Assn. v. Upper Arlington*, 12 Ohio App.3d 120 (10th Dist.1983). In *Branford*, the City of Upper Arlington commenced appropriation proceedings to build a service road. The property owners obtained an injunction enjoining the city from proceeding with the eminent domain action. The city appealed, arguing the separate proceeding was improper because R.C. 163.09 provides an adequate remedy to adjudicate the dispute. In affirming the trial court, this court explained that because R.C. 163.08 prohibits a property owner from contesting the agency's right to take property for the purpose of making or repairing roads, "a separate injunction action may be brought to enjoin an abuse of municipal power." *Id.* at 121.[1] *See also Cleveland v. Brook Park*, 103 Ohio App.3d 275, 279 (8th Dist.1995) (citing *Branford*, the court held the enactment of R.C. Chapter 163 did not change Ohio law recognizing a separate action to enjoin appropriation proceedings).

{¶ 17} In our recent decision in *Friedman*, this court concluded a tenant who had a purchase option on the appropriated property was not eligible to receive money from the city in an appropriation action because the tenant did not seek an injunction, and the city had completed the project, owned the easements, and fully compensated the owner. *Id.* at ¶ 57. In so holding, the *Friedman* court cited *Carskadon* for the proposition that once the

---

[1] Where the appropriation is for a public purpose other than making or repairing roads, R.C. 163.08 permits the property owner to deny the public agency's right to make the appropriation and the necessity of the appropriation and to have those issues determined at an R.C. 163.09(B) hearing. *See Bd. of Edn. v. Holding Corp. of Ohio*, 29 Ohio App.2d 114, 125 (10th Dist.1971) (property owner may challenge the public agency's right to the appropriation and the necessity for the appropriation for the purpose of constructing a school); *Toledo v. Kim's Auto & Truck Serv., Inc.*, 6th Dist. No. L-02-1318, 2003-Ohio-5604 (property owner may challenge the necessity of the public agency's appropriation for purposes of urban renewal project).

agency completes the project and acquires the ownership interest in the property by way of a quick-take appropriation action, the public agency's right to employ the quick-take method of appropriation is a moot issue. *Friedman* at ¶ 57.

{¶ 18} Our review of the relevant case law convinces us that where the public agency files a petition, pursuant to R.C. 163.02 et seq., to appropriate real property for the purpose of making or repairing roads, R.C. 163.08 prohibits the property owner from denying the public agency's right to the quick-take appropriation or the necessity of the appropriation. *Carskadon*; *Branford*; *Brook Park.* The property owner's remedy for a public agency's illegal or unconstitutional appropriation is to commence a separate action sounding in criminal trespass and seeking injunctive relief. *Carskadon*; *Branford*; *Brook Park.* Once the public agency completes the project, acquires an ownership interest in the property by way of an appropriation action, and pays the property owner in accordance with the jury award, a reviewing court cannot entertain a challenge to the public agency's right to the appropriation, even if the public agency's appropriation of the property was illegal and unconstitutional. *Carskadon*; *Branford*; *Brook Park*; *Friedman.*

{¶ 19} Civ.R. 15(A) permits parties to amend their pleadings, in relevant part, as follows:

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. *In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.*

(Emphasis added.)

{¶ 20} "Although Civ.R. 15(A) encourages liberal amendment, 'motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party.' " *Lundeen v. Graff*, 10th Dist. No. 15AP-32, 2015-Ohio-4462, ¶ 25, quoting *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99 (1999). Because the decision of whether to grant or deny a motion to amend is within the trial court's discretion, an appellate court reviews such a ruling under an abuse of discretion standard. *Lundeen* at ¶ 25, citing *Turner* at 99. An abuse of discretion is more

than a mere error of judgment but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). When applying the abuse of discretion standard, an appellate court may not substitute its own judgment for that of the trial court. *Id.*

{¶ 21} In denying RiverPark's motion to amend, the trial court made the following findings:

> This case was filed on September 30, 2015 and thus, it has been pending for almost two and one-half years, notwithstanding this type of case – an appropriation action – is generally afforded a one-year track. * * * Defendant's motion was filed less than two months before trial, almost two months after the discovery cutoff, and well over two years after the case was originally filed by Plaintiff.
>
> The case schedule has been amended in this matter multiple times. [T]he Court observes that for the most part the delays were caused by ongoing problems with obtaining discovery responses from and identification of witnesses by Defendant. Indeed, Plaintiff filed a motion to compel discovery on March 17, 2017, which was granted by the Court on April 5, 2017, necessitating yet another amendment of the case schedule by the Court at the same time. Even then, the Court notes that Defendant did not provide the discovery ordered to be produced, leading to the Plaintiff filing a motion for rule to show cause, which was ultimately stipulated to by Defendant.
>
> [T]he Court observes that current counsel for Defendant was retained over seven months ago. In any event, the fact remains virtually all the delays in this case have been caused by Defendant - whether represented by current counsel or not.
>
> Under the foregoing circumstances, the Court finds that there has been some bad faith on the part of Defendant in this matter. Furthermore, even if there were no bad faith, the Court finds that the foregoing not only constitutes undue delay, but allowing Defendant to amend its answer to include affirmative defenses and assert a counterclaim at this point would severely and unduly prejudice Plaintiff.

(Mar. 27, 2018 Jgmt. Entry at 2-4.)

{¶ 22} The trial court refused to allow RiverPark to amend its answer and to assert a counterclaim on finding "some bad faith" and/or undue delay, as well as undue prejudice to Dublin. (Mar. 27, 2018 Jgmt. Entry at 3.) Appellants do not argue the record fails to

support the trial court's findings with regard to the delays attributable to RiverPark.[2] RiverPark argues, however, that Dublin could not have been prejudiced by the untimely amendment because it had already completed the project. RiverPark acknowledges, however, that on March 31, 2016, it filed a separate complaint against Dublin in the Franklin County Court of Common Pleas, alleging Dublin trespassed on the subject real property when, in September 2015, Dublin entered the property to begin construction of a public improvement project. In that case, No. 16CV-3134 on the docket of the Franklin County Court of Common Pleas, RiverPark sought a temporary restraining order and a preliminary injunction preventing Dublin from obtaining temporary and permanent easements in the subject property by way of the quick-take appropriation procedure in R.C. 163.04. In case No. 16CV-3134, RiverPark asserted the same challenges to Dublin's use of the quick-take appropriation that RiverPark attempted to assert in its proposed amended answer and counterclaim in this case.

{¶ 23} The parties agree that on July 5, 2016, the trial court dismissed RiverPark's case against Dublin with prejudice pursuant to the parties' settlement agreement. Roughly one year later, on June 27, 2017, RiverPark sought to rescind the parties' settlement agreement in case No. 16CV-3134 by filing a motion for relief from judgment pursuant to Civ.R. 60(B)(3). Therein, RiverPark alleged Dublin had engaged in fraud when it agreed to a settlement of the case and then failed to comply with the terms of the settlement agreement.

{¶ 24} RiverPark does not dispute that on February 14, 2018, the trial court in case No. 16CV-3134 denied the motion for relief from judgment and that RiverPark timely

---

[2] The record shows on March 17, 2017, Dublin filed a motion, pursuant to Civ.R. 37, seeking an order compelling RiverPark to supplement previous interrogatory responses and "compelling [RiverPark's] attendance at a deposition pursuant to Civ.R. 30(B)(5)." (Mar. 17, 2017 Mot. at 1.) The trial court granted the motion to compel on April 5, 2017 on finding that Dublin "has made reasonable efforts to resolve the matter pursuant to Civ.R. 37(E) and Loc.R. 47.01 and that [RiverPark] has articulated no legitimate reason to refuse the discovery requests or make a representative available for a deposition pursuant to Civ.R. 30(B)(5)." The record also shows on July 12, 2017, a magistrate issued a decision granting Dublin's motion for civil contempt and for default judgment against RiverPark and ordered RiverPark to pay attorney fees of $2,000 due to RiverPark's stipulated failure to comply with the trial court's April 5, 2017 order compelling discovery. The magistrate held both the default judgment and the payment of attorney fees in abeyance pending RiverPark's compliance with certain conditions pertaining to the identification of expert witnesses and the production of expert reports.

appealed to this court from the trial court's judgment.[3]  At the oral argument in this case, the parties acknowledged the appeal from the trial court judgment in case No. 16CV-3134 had been briefed and argued, and the parties were awaiting a decision from this court.

{¶ 25}  On February 28, 2019, this court issued its decision in *Riverpark Group, LLC v. Dublin*, 10th Dist. No. 18AP-188, 2019-Ohio-723.  In *RiverPark*, this court overruled appellants' assignments of error and affirmed the trial court decision and judgment entry denying relief under Civ.R. 60(B)(3).

{¶ 26}  In *Ohio Pyro, Inc. v. Ohio Dept. of Commerce, Div. of State Fire Marshal*, 115 Ohio St.3d 375, 2007-Ohio-5024, the Supreme Court stated, as a general rule, collateral attacks on judgments are strongly disfavored, as direct appeals are the primary way to challenge a judgment.  *Id.* at ¶ 19, 22.  Unless the court issuing the judgment lacked jurisdiction or the judgment was the product of fraud, a collateral attack is improper.  *Id.* at ¶ 23.

{¶ 27}  When RiverPark moved the trial court, on February 16, 2018, for leave to amend its answer in this case, the parties had already settled their dispute in case No. 16CV-3134 and judgment had been entered pursuant to the parties' settlement agreement. RiverPark's subsequent motion for relief from judgment in case No. 16CV-3134 had also been denied prior to the date RiverPark filed its motion for leave in this case.  RiverPark's Civ.R. 60(B) motion in case No. 16CV-3134 was grounded on Dublin's alleged fraud in the procurement of the settlement, the same arguments RiverPark attempted to assert in the amended answer and the same argument RiverPark makes in this appeal.

{¶ 28}  Dublin would have been materially prejudiced had the trial court permitted RiverPark to amend its answer in order to relitigate issues that had been finally determined in case No. 16CV-3134.  Moreover, as we have previously concluded, the affirmative defenses RiverPark asserted in its proposed amended answer are the very defenses that a property owner is prohibited from raising in an appropriation action when the purpose of the appropriation is making or repairing roads.  R.C. 163.08; *Carskadon*; *Branford*; *Brook Park*.  Consequently, even if we believed the trial court's stated reasons for denying the motion were unsupported by the record, the error could not have prejudiced RiverPark.

---

[3] Appellants' trial counsel, Edwards-Smith, submitted her affidavit setting forth the procedural history of case No. 16CV-3134 as an attachment both to RiverPark's reply brief in support of the motion to amend the answer and River Ridge's reply brief in support of the motion to intervene.

{¶ 29} For the foregoing reasons, we hold the trial court did not abuse its discretion when it denied RiverPark's motion for leave to amend its answer.  Furthermore, because RiverPark did not succeed in obtaining an order enjoining the trial court from entering judgment on the jury verdict and conveying title of the easements to Dublin, RiverPark is precluded from denying Dublin's right to make the appropriation in this appeal, even if Dublin illegally or unconstitutionally appropriated the subject property.  *Carskadon*; *Branford*; *Brook Park*; *Friedman.*  Accordingly, we overrule appellants' first and third assignments of error.

## B.  Appellants' Second Assignment of Error

{¶ 30} For similar reasons, we must overrule appellants' second assignment of error. In appellants' second assignment of error, appellants argue the trial court erred in denying River Ridge's motion to intervene in this action for the purpose of denying Dublin's right to make the appropriation and the necessity of the appropriation.

{¶ 31} Civ.R. 24(B) provides for permissive intervention as follows:

> Upon timely application anyone may be permitted to intervene in an action * * * when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

{¶ 32} Appellate courts review a decision granting or denying a motion to intervene for an abuse of discretion.  *Woods Cove III, LLC v. Straight*, 10th Dist. No. 17AP-340, 2018-Ohio-2906, ¶ 16, citing *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas*, 147 Ohio St.3d 432, 2016-Ohio-1519, ¶ 21.

{¶ 33} In denying River Ridge's motion to intervene, the trial court found as follows:

> As previously detailed by the Court, this case has been pending for two and a half years.  At some point during the proceedings and certainly at some point when the construction related to the proceedings was undertaken and subsequently ongoing it seems to the Court that River Ridge should have been on notice that it might have an interest in the matter.  The Court agrees with Plaintiff that to permit intervention and the filing of the proposed Answer as submitted by River Ridge at this juncture and under these circumstances would unfairly prejudice Plaintiff.

> Moreover, the Court finds that the better solution is found in O.R.C. §163.12(C), which addresses defects in appropriation proceedings and permits the Court to "cause new parties to be added and direct further notice to be given to a party in interest as the court considers proper." Therefore, the Court hereby **ORDERS** that River Ridge Office Condominium be added as a defendant having an interest in this matter and that the within constitutes notice to River Ridge Office Condominium regarding same.

(Emphasis sic.) (Mar. 27, 2016 Jgmt. Entry at 4.)

{¶ 34} There is no dispute River Ridge met the initial requirement for permissive intervention, pursuant to Civ.R. 24(B), because it demonstrated its proposed defenses and counterclaim factually and legally related to the claims asserted by Dublin.[4] River Ridge does not deny having actual knowledge of Dublin's entry on the subject property to construct the shared-use bike path and does not deny a close association with RiverPark. Thus, the record supports the trial court's conclusion that River Ridge could have earlier moved to intervene in this action.

{¶ 35} Moreover, as we determined in connection with appellants' first and third assignments of error, R.C. 163.08 and the Supreme Court decision in *Carskadon* precluded River Ridge from denying Dublin's right to make the appropriation or the necessity of the appropriation in this case. Permitting River Ridge to intervene in this action in order to assert defenses to the appropriation action that are prohibited by law would be unfairly prejudicial to Dublin. We find no merit in River Ridge's contention that it was denied an opportunity to be heard as River Ridge could have either joined RiverPark as a party in case No. 16CV-3134 or filed a separate action seeking injunctive relief. River Ridge did neither. Because River Ridge did not obtain an order enjoining the trial court from entering judgment on the jury verdict and conveying title of the easements to Dublin, River Ridge is precluded from claiming in this appeal that Dublin illegally or unconstitutionally appropriated the subject property. *Carskadon*; *Branford*; *Brook Park*; *Friedman.*

{¶ 36} Finally, to the extent River Ridge argues Dublin's failure to provide it with notice of the complaint, pursuant to R.C. 163.07, prevented Dublin from commencing the appropriation action, R.C. 163.12(C) provides as follows: "The court may amend a*ny defect*

---

[4] Dublin has maintained throughout the proceedings that River Ridge is not an owner of the subject property in this case.

or informality *in proceedings* under sections 163.01 to 163.22 of the Revised Code. The court may cause new parties to be added and direct further notice to be given to a party in interest as the court considers proper." (Emphasis added.) Applying R.C. 163.12(C), the trial court added River Ridge as a party in interest to the appropriation action for the limited purpose of receiving its distributive share of the jury award. River Ridge has not cited any authority holding an agency's failure to provide notice to every owner of real property subject to appropriation deprived the trial court of jurisdiction to entertain the agency's appropriation action. In the absence of such authority and given the broad language used by the General Assembly in R.C. 163.12(C), we hold the trial court complied with due process by adding River Ridge as a party for the limited purpose of receiving its distributive share of the jury award.

{¶ 37} For the foregoing reasons, appellants' second assignment of error is overruled.

## IV. CONCLUSION

{¶ 38} Having overruled appellants' three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____